1  C. D. Michel - S.B.N. 144258
   Clinton B. Monfort - S.B.N. 255609
2  Sean A. Brady - S.B.N. 262007
   Anna M. Barvir - S.B.N. 268728
3  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Boulevard, Suite 200
4  Long Beach, CA 90802
   Telephone: 562-216-4444
5  Facsimile: 562-216-4445
   Email: cmichel@michellawyers.com
6

**FILED**

DEC 1 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Fee paid (99)
SI

7  Attorneys for Plaintiffs

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11 LEONARD FYOCK, SCOTT            ) CASE NO. **CV13-05807**
   HOCHSTETLER, WILLIAM           )
12 DOUGLAS, DAVID PEARSON,        )
   BRAD SEIFERS, and ROD          ) **COMPLAINT FOR DECLARATORY**
13 SWANSON,                       ) **AND INJUNCTIVE RELIEF**
14                                )
        Plaintiffs                ) SMC § 9.44.050: Violation of U.S. Const.,
15                                ) Amends. II & XIV
        vs.                       )
16                                )
17 THE CITY OF SUNNYVALE, THE     )
   MAYOR OF SUNNYVALE,            )
18 ANTHONY SPITALERI in his       )
   official capacity, THE CHIEF OF )
19 THE SUNNYVALE DEPARTMENT       )
   OF PUBLIC SAFETY, FRANK        )
20 GRGURINA, in his official capacity, )
   and DOES 1-10,                 )
21                                )
22       Defendants.              )
23 _____)
24
25
26
27
28

                              1

1       Plaintiffs, by and through their undersigned attorneys, bring this Complaint

2 for Declaratory and Injunctive Relief against the above-named Defendants, their

3 employees, agents, and successors in office, and in support thereof allege the

4 following upon information and belief:

5

6                         **INTRODUCTION**

7      1.   Plaintiffs bring this suit to challenge the constitutionality of Sunnyvale

8 Municipal Code section 9.44.050 ("the Ordinance"), enacted and enforced by

9 Defendant City of Sunnyvale, its Mayor, Anthony Spitaleri, and its Chief of Police,

10 Frank Grgurina (collectively, "the City"). The Ordinance violates Plaintiffs' rights

11 to keep and bear arms under the Second Amendment to the United States

12 Constitution.

13      2.   The Ordinance bans the possession and use of common, standard-

14 capacity "ammunition feeding devices" or "magazines" capable of holding more

15 than ten rounds. Magazines prohibited by the Ordinance are in widespread,

16 common use throughout the United States. These magazines are typically

17 possessed by law-abiding citizens for lawful purposes, including in-home self

18 defense.

19      3.   The City's ban on the very possession of these magazines directly

20 violates Plaintiffs' rights to keep and bear arms enshrined by the Second

21 Amendment.

22      4.   Accordingly, Plaintiffs seek declaratory and injunctive relief to invalidate

23 and enjoin the City's enforcement of the Ordinance.

24

25                 **JURISDICTION AND VENUE**

26      5.   The Court has original jurisdiction of this civil action pursuant to 28

27 U.S.C. § 1331 because the action arises under the Constitution and laws of the

28 United States, thus raising federal questions. The Court also has jurisdiction under

1   28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 in that this action seeks to redress the

2   deprivation, under color of the laws, statutes, ordinances, regulations, customs and

3   usages of the State of California and political subdivisions thereof, of rights,

4   privileges or immunities secured by the United States Constitution and by Acts of

5   Congress.

6        6.   Plaintiffs' claims for declaratory and injunctive relief are authorized by

7   28 U.S.C. §§ 2201 and 2202, respectively.

8

9                        **INTRADISTRICT ASSIGNMENT**

10       7.   This action arises in the County of Santa Clara because a substantial part

11  of the events or omissions giving rise to the claims occurred in that County.

12  Pursuant to the Northern District's Local Rule 3-2(e), this action shall be assigned

13  to the San Jose division.

14

15                                **PARTIES**

16       8.   Plaintiff Leonard Fyock is a resident of Sunnyvale. Plaintiff Fyock is a

17  law-abiding citizen who is not prohibited from owning or possessing firearms

18  under state or federal law. He currently owns magazines prohibited by the

19  Ordinance capable of accepting more than ten rounds that were lawfully acquired

20  in accordance with state and federal law. Due to the City's enactment of the

21  Ordinance, Plaintiff Fyock is prohibited from possessing these magazines in the

22  City of Sunnyvale. If the Ordinance is not enjoined, Plaintiff Fyock will comply

23  with this section to avoid prosecution and will not possess his magazines within

24  City limits. But for the City's enactment and ongoing enforcement of the

25  Ordinance, Plaintiff Fyock would immediately and continuously possess these

26  magazines within the City for lawful purposes, including in-home self-defense.

27       9.   Plaintiff William Douglas is a resident of Sunnyvale. Plaintiff Douglas

28  is a law-abiding citizen who is not prohibited from owning or possessing firearms

1  under state or federal law. He currently owns magazines prohibited by the

2  Ordinance capable of accepting more than ten rounds that were lawfully acquired

3  in accordance with state and federal law. Due to the City's enactment of the

4  Ordinance, Plaintiff Douglas is prohibited from possessing these magazines in the

5  City of Sunnyvale. If the Ordinance is not enjoined, Plaintiff Douglas will comply

6  with this section to avoid prosecution and will not possess his magazines within

7  City limits. But for the City's enactment and ongoing enforcement of the

8  Ordinance, Plaintiff Douglas would immediately and continuously possess these

9  magazines within the City for lawful purposes, including in-home self-defense.

10       10.   Plaintiff Scott Hochstetler is a resident of Sunnyvale. Plaintiff

11  Hochstetler is a law-abiding citizen who is not prohibited from owning or

12  possessing firearms under state or federal law. He currently owns magazines

13  prohibited by the Ordinance capable of accepting more than ten rounds that were

14  lawfully acquired in accordance with state and federal law. Due to the City's

15  enactment of the Ordinance, Plaintiff Hochstetler is prohibited from possessing

16  these magazines in the City of Sunnyvale. If the Ordinance is not enjoined,

17  Plaintiff Hochstetler will comply with this section to avoid prosecution and will not

18  possess his magazines within City limits. But for the City's enactment and ongoing

19  enforcement of the Ordinance, Plaintiff Hochstetler would immediately and

20  continuously possess these magazines within the City for lawful purposes,

21  including in-home self-defense.

22       11.   Plaintiff Brad Seifers is a resident of Sunnyvale. Plaintiff Seifers is a

23  law-abiding citizen who is not prohibited from owning or possessing firearms

24  under state or federal law. He currently owns magazines prohibited by the

25  Ordinance capable of accepting more than ten rounds that were lawfully acquired

26  in accordance with state and federal law. Due to the City's enactment of the

27  Ordinance, Plaintiff Seifers is prohibited from possessing these magazines in the

28  City of Sunnyvale. If the Ordinance is not enjoined, Plaintiff Seifers will comply

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    with this section to avoid prosecution and will not possess his magazines within

2    City limits. But for the City's enactment and ongoing enforcement of the

3    Ordinance, Plaintiff Seifers would immediately and continuously possess these

4    magazines within the City for lawful purposes, including in-home self-defense.

5        12.    Plaintiff Rod Swanson is a resident of Sunnyvale. Plaintiff Swanson is a

6    law-abiding citizen who is not prohibited from owning or possessing firearms

7    under state or federal law. He currently owns magazines prohibited by the

8    Ordinance capable of accepting more than ten rounds that were lawfully acquired

9    in accordance with state and federal law. Due to the City's enactment of the

10   Ordinance, Plaintiff Swanson is prohibited from possessing these magazines in the

11   City of Sunnyvale. If the Ordinance is not enjoined, Plaintiff Swanson will comply

12   with this section to avoid prosecution and will not possess his magazines within

13   City limits. But for the City's enactment and ongoing enforcement of the

14   Ordinance, Plaintiff Swanson would immediately and continuously possess these

15   magazines within the City for lawful purposes, including in-home self-defense.

16       13.    Plaintiff David Pearson is a resident of Sunnyvale. Plaintiff Pearson is a

17   law-abiding citizen who is not prohibited from owning or possessing firearms

18   under state or federal law. He currently owns magazines prohibited by the

19   Ordinance capable of accepting more than ten rounds that were lawfully acquired

20   in accordance with state and federal law. Due to the City's enactment of the

21   Ordinance, Plaintiff Pearson is prohibited from possessing these magazines in the

22   City of Sunnyvale. If the Ordinance is not enjoined, Plaintiff Pearson will comply

23   with this section to avoid prosecution and will not possess his magazines within

24   City limits. But for the City's enactment and ongoing enforcement of the

25   Ordinance, Plaintiff Pearson would immediately and continuously possess these

26   magazines within the City for lawful purposes, including in-home self-defense.

27       14.    Each of the individual Plaintiffs identified above are residents and

28   taxpayers of the City of Sunnyvale who presently intend to possess their lawfully-

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  acquired, common magazines capable of holding more than ten rounds within the
2  City as is their right under the Second Amendment to the United States
3  Constitution – a right the City now denies them through the enactment and
4  enforcement of the Ordinance. Plaintiffs fear prosecution if they possess magazines
5  prohibited by the ordinance within the City of Sunnyvale.

6      15.    Each of the individual Plaintiffs presently intend to and forthwith would
7  possess their magazines prohibited by the Ordinance within the City of Sunnyvale
8  if this Court declared the Ordinance void and unenforceable or otherwise enjoined
9  its enforcement.

10     16.    Defendant City of Sunnyvale is a municipal corporation acting as such
11 by and under state law. Defendant City of Sunnyvale is a "person" acting under
12 color of state law within the meaning of 42 U.S.C. § 1983, and is principally
13 responsible for implementing and enforcing the Ordinance.

14     17.    Defendant Anthony Spitaleri is the current Mayor and Chief Executive
15 Officer of Defendant City of Sunnyvale. Defendant Spitaleri is an agent, servant,
16 and/or employee of Defendant City of Sunnyvale, acting under color of state law as
17 that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the
18 Ordinance. Defendant Spitaleri is sued in his official capacity.

19     18.    Defendant Frank Grgurina is the Chief of the Department of Public
20 Safety of Defendant City of Sunnyvale. As Chief of the Department of Public
21 Safety, Defendant Grgurina is the chief law enforcement officer for Defendant City
22 of Sunnyvale. Defendant Grgurina is an agent, servant, and/or employee of
23 Defendant City of Sunnyvale, acting under color of state law as that phrase is used
24 in 42 U.S.C. § 1983, and is responsible for enforcing the Ordinance. Defendant
25 Grgurina is sued in his official capacity.

26 ///
27 ///
28 ///

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## GENERAL ALLEGATIONS

**Sunnyvale Municipal Code Section 9.44.050:**

19.   On July 16, 2013, the Sunnyvale City Council adopted a resolution calling for a Special Municipal Election to be held on November 5, 2013, for the purpose of voting on various proposed amendments to the Sunnyvale Municipal Code, including a slate of local gun-control laws that would be presented to the voters as Measure C. The ballot measure asked voters to adopt, among other items, Sunnyvale Municipal Code section 9.44.050. (A copy of Sunnyvale Municipal Code section 9.44.050 is attached hereto as Exhibit "A" and incorporated herein.)

20.   On November 5, 2013, a majority of the ballots cast voted to approve the adoption of Measure C and, effectively, to amend the Sunnyvale Municipal Code to include section 9.44.050.

21.   On or about November 26, 2013, the City of Sunnyvale, through its legislative body the City Council of the City of Sunnyvale, "declared" the November 5 vote on Measure C pursuant to California Elections Code section 9217.

22.   The Ordinance took effect on December 6, 2013, ten (10) days after the Sunnyvale City Council declared the vote.

23.   The Ordinance prohibits any person, corporation, or other entity in the City of Sunnyvale from possessing ammunition magazines it refers to as "large-capacity magazines" or from possessing or using firearms equipped with these magazines.

24.   The Ordinance defines a "large-capacity magazine" as an ammunition feeding device with the capacity to accept more than ten rounds.

25.   The Ordinance provides that any person who possesses any magazines prohibited by the Ordinance prior to its effective date shall have ninety (90) days to cease possessing those magazines within the City of Sunnyvale.

26.   Pursuant to the Ordinance, any person who is in lawful possession of

7

1   any "large-capacity magazines" prior to December 6, 2013, must surrender such

2   magazines to law enforcement for destruction, remove them from the City of

3   Sunnyvale, or transfer them to a licensed firearms dealer on or before March 6,

4   2014.

5       27.   The Ordinance identifies a number of exceptions, including but not

6   limited to, possession by military and possession by law enforcement while acting

7   within "the course and scope of their duties."

8       28.   The Ordinance does not include an exception for possession by law-

9   abiding citizens for self-defense.

10      29.   The Ordinance does not include an exception for law enforcement

11  officers who possess any prohibited magazines within their homes for self-defense

12  or at any other times when officers are not acting within "the course and scope of

13  their duties."

14      30.   Active police officers are forced to dispose of their personally owned,

15  lawfully acquired magazines with capacities of more than ten rounds that are

16  prohibited by the Ordinance, as set forth in that section and described in paragraph

17  26 of this Complaint.

18      31.   The City has never informed Plaintiffs or the public that it does not

19  intend to enforce the Ordinance.

20      32.   The City has no documents indicating that it does not intend to enforce

21  the Ordinance.

22  **Standard-Capacity Magazines Prohibited by the Ordinance**
    **Are Protected Under the Second Amendment:**

23

24      33.   On June 26, 2008, the United States Supreme Court confirmed in

25  *District of Columbia v. Heller*, 554 U.S. 570, 624-25 (2008), that arms "typically

26  possessed by law-abiding citizens for lawful purposes" or those "in common use"

27  are protected under the Second Amendment.

28      34.   On June 28, 2010, the Supreme Court confirmed that Second

1   Amendment protections are fully applicable to state and local governments by

2   virtue of the Fourteenth Amendment. *McDonald v. City of Chicago*, 130 S. Ct.

3   3020 (2010).

4       35.   In the wake of *Heller* and *McDonald*, courts have evaluated Second

5   Amendment protections for ammunition, magazines, and firearm components

6   pursuant to the Supreme Court's "common use" standard described in *Heller*.

7       36.   Magazines and firearms equipped with magazines that are in common

8   use for lawful purposes are protected by the Second Amendment.

9       37.   A standard-capacity magazine is one containing the number of

10   cartridges the firearm was designed to operate with. Increased or "large-capacity"

11   magazines and feeding devices are those holding more cartridges than the firearm

12   was originally designed to use. Reduced or low-capacity magazines are those

13   whose capacity is artificially reduced from that which the firearm was originally

14   designed or intended to use.

15       38.   Firearms with magazines capable of holding more than ten rounds can

16   be traced back to the era of ratification of the Fourteenth Amendment.

17       39.   Millions of firearms that have been sold in the United States come stock

18   from the factory with magazines capable of holding more than ten rounds. These

19   include, but are not limited to: the Glock 17 (designed to hold 17 rounds), the

20   Beretta 92F (designed to hold 15 rounds), the M1 Carbine (designed to hold 15 or

21   30 rounds), and the Ruger Mini-14 (designed to hold 5 or 20 rounds).

22       40.   Notwithstanding the City's description of the prohibited magazines as

23   being "large-capacity," magazines with capacities of more than ten rounds are

24   standard for many common handguns and long guns. For example, standard

25   capacity for firearms chambered in 9 mm is 15-17 rounds; standard capacity for

26   firearms chambered in .40 S&W is 15 rounds; standard capacity for firearms

27   chambered in .45 ACP is 7-13 rounds; standard capacity for firearms chambered in

28   5.56 mm is 20-30 rounds; and standard capacity for firearms chambered in .308 is

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

20 rounds.

41.   Millions of firearms with standard-capacity magazines capable of holding more than ten rounds that are prohibited by the Ordinance are currently possessed by law-abiding citizens for a variety of lawful purposes in the United States, including target practice, shooting competitions, and hunting.

42.   Millions of firearms with standard-capacity magazines capable of holding more than ten rounds that are prohibited under the Ordinance are currently possessed by law-abiding citizens for the core lawful purpose of self-defense, including in-home self-defense.

43.   Self-defense is the "central component" of the Second Amendment right to keep and bear arms, which is at its zenith within the home.

44.   Millions of individual, law-abiding American citizens are currently in possession of firearms with standard-capacity magazines that are capable of holding more than ten rounds, that are now banned by the Ordinance.

45.   Standard-capacity magazines that are prohibited by the Ordinance are typically possessed by law-abiding citizens for lawful purposes, including in-home self-defense.

46.   Standard-capacity magazines capable of holding more than ten rounds that are prohibited by the Ordinance are not "dangerous and unusual."

47.   The majority of pistol magazines currently manufactured in the United States have capacities of greater than ten rounds.

48.   There are currently tens of millions of rifle magazines that are lawfully-possessed in the United States with capacities of more than ten rounds.

49.   The use of standard-capacity firearms and magazines with capacities of more than ten rounds increase the likelihood that a law-abiding citizen will survive a criminal attack.

50.  Firearms with standard-capacity magazines capable of holding more than ten rounds are well-suited and preferred for self-defense.

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   51.  Firearms with standard-capacity magazines capable of holding more than
2   ten rounds are well-suited and preferred for sporting purposes.

3   52.  Banning the possession of standard-capacity magazines by law-abiding
4   citizens does not increase public safety.

5   53.  Limiting magazine capacity for law-abiding citizens to ten rounds
6   decreases public safety by giving violent criminals an advantage and thus
7   decreasing the likelihood that a victim will survive a criminal attack.

8   54.  The overwhelming majority of law enforcement officers in the United
9   States acknowledge that banning standard-capacity magazines capable of holding
10  more than ten rounds will not increase public safety.

11  **DECLARATORY JUDGMENT ALLEGATIONS**

12  55.  Plaintiffs are responsible, law-abiding adults qualified to own firearms
13  under the laws of the United States and the laws of the State of California.
14  Plaintiffs seek to lawfully possess constitutionally protected magazines prohibited
15  by the Ordinance for self-defense and other lawful purposes.

16  56.  Plaintiffs presently intend to exercise their rights to defend themselves,
17  their homes, and their families by keeping magazines prohibited by the Ordinance
18  and using them with their firearms for self-defense and other lawful purposes. The
19  City's policies under the Ordinance prevent them from doing so and criminalize the
20  exercise of Plaintiffs' Second Amendment rights.

21  57.  Because the City has enacted and enforces the Ordinance, Plaintiffs face
22  potential criminal prosecution for exercising their Constitutional right to keep
23  common magazines capable of holding more than ten rounds for self-defense and
24  other lawful purposes.

25  58.  There is an actual and present controversy between the parties hereto in
26  that Plaintiffs contend that the City's ordinance that forbids residents from
27  possessing and using common magazines violates the Second Amendment. The
28  City denies these contentions. Plaintiffs desire a judicial declaration of their rights

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   and the City's duties, namely, that the City's policy under the Ordinance violates

2   Plaintiffs' Second Amendment rights. Plaintiffs should not have to face criminal

3   prosecution by the City for exercising their constitutional rights to keep and bear

4   constitutionally protected arms or, alternatively, give up those rights to comply

5   with the Ordinance.

6                    **INJUNCTIVE RELIEF ALLEGATIONS**

7        59.   If an injunction does not issue enjoining the City from enforcing the

8   Ordinance, Plaintiffs will be irreparably harmed. Plaintiffs are continuously and

9   irreparably injured by the Ordinance insofar as it precludes them from exercising

10  rights guaranteed by the Second Amendment. The Ordinance denies Plaintiffs the

11  right to possess and use commonly possessed magazines within the City of

12  Sunnyvale for lawful purposes, including in-home self-defense, without risking

13  criminal prosecution.

14       60.   Because the City has enacted and enforces the Ordinance, Plaintiffs are

15  subject to irreparable harm. If not enjoined by this Court, the City will continue to

16  enforce the Ordinance in derogation of Plaintiffs' Second Amendment rights.

17       61.   Plaintiffs have no plain, speedy, and adequate remedy at law. Damages

18  are indeterminate or unascertainable and would not fully redress any harm suffered

19  by Plaintiffs as a result of being unable to engage in activity protected by the

20  Second Amendment, namely the continued possession of their magazines that are

21  prohibited by the Ordinance.

22       62.   The injunctive relief sought would eliminate that irreparable harm and

23  allow Plaintiffs to continue or resume exercising their Second Amendment rights to

24  possess magazines protected by the Second Amendment within the City of

25  Sunnyvale. Accordingly, injunctive relief is appropriate.

26  ///

27  ///

28  ///

**CLAIM FOR RELIEF: VALIDITY OF SMC § 9.44.050**

**Violation of the Second Amendment Right to Keep and Bear Arms**

**(U.S. Const., Amend.'s II and XIV)**

63. Paragraphs 1-62 are realleged and incorporated herein by reference.

64. Sunnyvale Municipal Code section 9.44.050 violates the Second Amendment on its face and as applied to Plaintiffs.

65. The Second Amendment protects the right to possess and use common magazines capable of holding more than ten rounds and firearms equipped with these magazines.

66. The City's prohibition on the possession of common magazines capable of holding more than ten rounds by law-abiding citizens, including Plaintiffs, directly conflicts with the right to keep and bear arms, rendering Section 9.44.050 unconstitutional.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for relief as follows:

1) For a declaration that Sunnyvale Municipal Code section 9.44.050 violates the Second Amendment.

2) For a declaration that common ammunition feeding devices and magazines capable of holding more than ten rounds prohibited by the Ordinance are protected by the Second Amendment.

3) For a preliminary prohibitory injunction forbidding the City and its agents, employees, officers, and representatives, from enforcing or attempting to enforce the Ordinance.

4) For a permanent prohibitory injunction forbidding the City and its agents, employees, officers, and representatives, from enforcing or attempting to enforce the Ordinance.

5) For remedies available pursuant to 42 U.S.C. § 1983 and for an award of

13

1    reasonable attorneys fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and/or

2    other applicable federal law;

3         6) For such other and further relief as the Court may deem just and proper.

4    Date: December 16, 2013          **MICHEL & ASSOCIATES, PC**

5

6

7                                     C. D. Michel
                                      Attorney for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF