C. D. Michel - S.B.N. 144258
Clinton B. Monfort - S.B.N. 255609
Sean A. Brady - S.B.N. 262007
Anna M. Barvir - S.B.N. 268728
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs in *Fyock v. Sunnyvale*
and *San Francisco Veteran Police Officers Association
v. City and County of San Francisco* Case No.: 13-CV-05351

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,<br><br>Defendants. | **CASE NO: 13-CV-05807 RMW**<br><br>**OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; DECLARATION OF ANNA M. BARVIR IN SUPPORT** |

**INTRODUCTION**

Defendants' attempt to relate *Fyock v. Sunnyvale*, Case No. 13-CV-05807 RMW, with *San Francisco Veteran Police Officers Association (SFVPOA) v. City and County of San Francisco*, Case No. 13-CV-05351, fails on two counts. As a threshold matter, Defendants' motion should not be considered because they failed to comply with basic procedural requirements for an Administrative Motion to Consider Whether Cases Should be Related under the local rules. But more importantly, Defendants failed to show that the two cases meet the

requirements set forth in Civil Local Rule 3-12 for relationship. And relating these cases will invite undue prejudice upon the *Fyock* plaintiffs.

**I.      Defendants' Motion Is Procedurally Defective and Is Not Properly Before This Court**

Whenever a party knows, learns, or believes that an action is or may be "related" to another action pending in this District, Civil Local Rule 3-12(b) requires the party to "promptly file *in the earliest-filed case* an Administrative Motion to Consider Whether Cases Should be Related, . . ." Civil L.R. 3-12(b) (emphasis added). A copy of the motion, together with proof of service, "must be served on all known parties to each apparently related action." *Id.*

Most significantly, Defendants filed their motion in the later- rather than earlier-filed case. Declaration of Anna Barvir ¶¶ 2, 4; *SFVPOA* Dkt. (attached to Barvir Decl. at Exhibit A). *Fyock* was filed on December 16, 2013, some 27 days *after SFVPOA* was filed. Barvir Decl. ¶¶ 2, 4; Ex. A. Defendants' request is thus not properly before this Court, as it is for the judge presiding over *SFVPOA* to decide whether these cases should be related. *See* Civil L.R. 3-12(b); *see also* Civil L.R. 3-12(c) (if a court believes cases are related, it may in its discretion "refer the case to the Judge assigned to the earliest-filed case with a request that the Judge assigned to [that] case consider whether the cases are related").

Defendants also failed to serve the *SFVPOA* plaintiffs with a copy of their motion or proof of service as required by Civil Local Rule 3-12(b).[1] Barvir Decl. ¶¶ 5-6.

Even if this Court were to overlook these glaring procedural defects, the facts support Plaintiffs' contention and preference that these matters remain separate.

**II.     The Cases Do Not Meet the Requirements to Be Considered "Related"**

Civil Local Rule 12-3(a) states that an action is related to another when (1) "[t]he actions concern substantially the same parties, property, transaction or event";[2] *and* (2) "[i]t appears

---

[1] Plaintiffs' attorneys note here that they also serve as counsel for the plaintiffs in *SFVPOA*, so the failure to serve plaintiffs in that case is of little consequence. Barvir Decl. ¶ 1. Surely, Plaintiffs' counsel would have been willing to waive service, but they were not asked to do so by Defendants. Barvir Decl. ¶ 6.

[2] Defendants misquote the rule for relation of cases, suggesting that they should be related if they "concern substantially the same . . . *question of law*." Defs.' Admin. Mot. to Rel.

likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These cases meet neither prong.

As regards the first requirement, it is clear this case concerns neither the same parties nor the same property. No "transaction" is at issue in either case. And the "events" giving rise to this litigation are sufficiently dissimilar to require separate consideration of the two cases. While it is true the events surrounding these cases are similar in one respect – i.e, each case challenges the recent adoption of a local law banning the possession of ammunition magazines capable of accepting more than ten rounds – Sunnyvale adopted its ban by way of ballot measure, whereas San Francisco adopted its ban through legislative enactment. Under no circumstances could the adoption of these two laws be considered the "same event." They occurred on different dates, through different procedures, using different language, and different justifications.

Even if it could be said that these cases involve "substantially the same parties, property, transaction or event," the Defendants must *also* show it is "*likely* that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases" are not related. Civil L.R. 12-3(a) (emphasis added). They have shown no such likelihood. If there is any duplication of labor and expense, that burden will fall on Plaintiffs' attorneys. Not one defendant is a party to both cases and not one of the attorneys representing the various defendants is counsel of record for both cases. Ex. A. And Plaintiffs' counsel hardly consider any duplication of efforts to be "undue" considering the significance of the constitutional questions raised in each case and the different impact the laws have on their respective challengers.

Further, while it is *possible* that conflicting results may be had if these cases are not heard together, such is not "*likely*." *See* Civil L.R. 12-3(a)(2). In each case, the court is asked to consider the Second Amendment implications of bans on constitutionally protected items. But the challenged laws are different in significant ways, and they have different impacts on the rights of the respective plaintiffs. For instance, the exceptions to the magazine bans are materially different

---

Cases at 2:7-8 (emphasis added). This is not part of the definition of "related cases," and seems to have been included in the place of "parties, property, transaction or event." Civil L.R. 3-12(a). Defendants thus provide no argument as to why they meet the first prong of Local Rule 3-12(a).

in each case. *Compare* Sunnyvale, Cal., Muni. Code § 9.44.050(c), *with* S.F., Cal., Police Code § 619(d). And the city defendants put forth very different justifications for their attempts to abridge Second Amendment rights. *Compare* Sunnyvale, Cal., Measure C, at 1 (2013) (attached to Compl. as Exhibit A), *with* S.F., Cal., Police Code § 619(a). Perhaps most important, however, is the fact that, as a voter-approved ballot measure, Sunnyvale's magazine ban *cannot* be legislated away in response to this lawsuit. Cal. Elec. Code § 9217. For instance, where San Francisco may, at any time, choose to strike, amend, or stay enforcement of its law as a result of ongoing litigation, Sunnyvale is unable to take such action without a full vote of the people who adopted the challenged law.

Because Defendants must show that *both* prongs of Rule 3-12 are met and because they have shown neither, their motion to relate this case with *SFVPOA* should be denied.

### III. Relating These Cases Is Likely to Unduly Prejudice the *Fyock* Plaintiffs

The final date by which Sunnyvale residents must dispossess themselves of magazines prohibited by Sunnyvale Municipal Code section 9.44.050 (i.e., March 6, 2014) is quickly approaching. And, because the law was enacted by the people, *it cannot be changed*. Cal. Elec. Code § 9217. Relation of these two cases is thus likely to unduly prejudice the plaintiffs in *Fyock*, who could be tied to a timeline dictated by *SFVPOA* defendants who can alleviate the burden of protracted litigation on the *SFVPOA* plaintiffs by deferring enforcement of their ban.[3] All the while, the *Fyock* plaintiffs will be deprived of their constitutionally protected property (possibly indefinitely) and subject to an unconstitutional law, the enforcement of which cannot be deferred without voter approval.

For this further reason, the Court should find these cases are unrelated. Should the Court find these cases are related, however, it should order that the timeline driving the challenge in *Fyock* should control this litigation to prevent undue prejudice to Plaintiffs.

---

[3] In fact, the *SFVPOA* defendants have already done just that. To accommodate an extended and appropriate briefing and hearing schedule for plaintiffs' motion for preliminary injunction, defendants agreed to defer enforcement of their magazine ban by 30 days. Barvir Decl. ¶ 3.

**CONCLUSION**

Defendants' request to have this case related to *SFVPOA* should be denied because this Court, presiding over the later-filed case, lacks authority to determine relationship under the applicable Civil Local Rules. Should the Court overlook the procedural defects of Defendants' request, the Court should find that these cases are not related because they do not concern the same "parties, property, transaction or event" and are unlikely to result in undue duplication of efforts or conflicting results. Defendants' motion should be denied.

Dated: December 27, 2013    MICHEL & ASSOCIATES, P. C.

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs

# DECLARATION OF ANNA M. BARVIR

I, Anna M. Barvir, declare as follows:

1. I am an attorney licensed to practice law before the Northern District of California. I am an associate attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action and in the potentially related case, *San Francisco Veteran Police Officers Association v. City and County of San Francisco*, Case No. 13-CV-05351.

2. On November 19, 2013, our office filed the Complaint in *San Francisco Veteran Police Officers Association v. City and County of San Francisco*, Case No. 13-CV-05351 (hereafter, *SFVPOA*). A true and correct copy of the docket in *SFVPOA* printed directly from the court's ECF website on December 27, 2013, is attached hereto as Exhibit A.

3. On December 13, 2013, after negotiations with plaintiffs' counsel in *SFVPOA*, defendants' counsel in *SFVPOA* filed a joint stipulation of the parties indicating that defendants would delay enforcement of San Francisco Police Code section 619, the magazine ban challenged in *SFVPOA*, by thirty (30) days to accommodate an appropriate, extended briefing and hearing schedule on plaintiffs' motion for preliminary injunction.

4. On December 16, 2013, our office filed the Complaint in *Fyock v. Sunnyvale*.

5. On December 23, 2013, I received a copy of Defendants' Administrative Motion and [Proposed] Order to Consider Whether Cases Should be Related through the Court's ECF filing system and directed to plaintiffs in this case.

6. As of the date of filing, our office has not received a copy of Defendants' motion or proof of service directed to the plaintiffs in *SFVPOA*. And our office has not been asked by Defendants' counsel whether service of such documents could be waived.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on December 23, 2013.

_____
Anna M. Barvir

6
OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED   13-CV-05807

**EXHIBIT A**

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:13-cv-05351-WHA

San Francisco Veteran Police Officers Association et al v. City and County of San Francisco et al
Assigned to: Hon. William Alsup
Cause: 42:1983 Civil Rights Act

Date Filed: 11/19/2013
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

## Plaintiff

**San Francisco Veteran Police Officers Association**

represented by **Anna Marie Barvir**
Michel and Associates, P.C.
180 E. Ocean Blvd
Suite 200
Long Beach, CA 90802
562-216-4444
Email: abarvir@michellawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl Dawson Michel**
Michel & Associates, P.C.
180 East Ocean Blvd.
Suite 200
Long Beach, CA 90802
562-216-4444
Fax: 562-216-4445
Email: cmichel@michellawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clinton Barnwell Monfort**
Michel and Associates, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
562-216-4444
Fax: 562-216-4445
Email: CMonfort@michellawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                              **Sean Anthony Brady**
Michel Associates, P.C.
180 E Ocean Blvd.
Suite 200
Long Beach, CA 90802
562-216-4444
Fax: 562-216-4445
Email: sbrady@michellawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Larry Barsetti** | represented by | **Anna Marie Barvir** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Carl Dawson Michel** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Clinton Barnwell Monfort** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Sean Anthony Brady** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Rainerio Granados** | represented by | **Anna Marie Barvir** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Carl Dawson Michel** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Clinton Barnwell Monfort** (See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Anthony Brady**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Arthur Ritchie      represented by **Anna Marie Barvir**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl Dawson Michel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clinton Barnwell Monfort**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Anthony Brady**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Randall Low      represented by **Anna Marie Barvir**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carl Dawson Michel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clinton Barnwell Monfort**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Sean Anthony Brady
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City and County of San Francisco** represented by **Christine Van Aken**
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
415-554-4633
Fax: 415-554-4699
Email: christine.van.aken@sfgov.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Edwin Lee** represented by **Christine Van Aken**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Greg Suhr** represented by **Christine Van Aken**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2013 | 1 | COMPLAINT against City and County of San Francisco, Edwin Lee, Greg Suhr (Filing fee $ 400.). Filed byLarry Barsetti, Rainerio Granados, Randall Low, San Francisco Veteran Police Officers Association, Arthur Ritchie. (Attachments: # 1 Civil Cover Sheet) (vlkS, COURT STAFF) (Filed on 11/19/2013) (Entered: 11/21/2013) |
| 11/19/2013 | 2 | Summons Issued as to City and County of San Francisco, Edwin Lee, Greg Suhr. (vlkS, COURT STAFF) (Filed on 11/19/2013) (Entered: 11/21/2013) |
| 11/19/2013 | 3 | Certificate of Interested Entities by Larry Barsetti, Rainerio Granados, Randall Low, Arthur Ritchie, San Francisco Veteran Police Officers Association (vlkS, COURT STAFF) (Filed on 11/19/2013) (Entered: 11/21/2013) |
| 11/19/2013 | 5 | **ADR SCHEDULING ORDER: Case Management Statement due by 2/12/2014.** |

| | | Case Management Conference set for 2/19/2014 01:30 PM. (Attachments: # 1 Standing Order)(vlkS, COURT STAFF) (Filed on 11/19/2013) (Entered: 11/21/2013) |
|---|---|---|
| 11/20/2013 | 4 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Larry Barsetti, Rainerio Granados, Randall Low, Arthur Ritchie, San Francisco Veteran Police Officers Association.. (vlkS, COURT STAFF) (Filed on 11/20/2013) (Entered: 11/21/2013) |
| 11/21/2013 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (ig, COURT STAFF) (Filed on 11/21/2013) (Entered: 11/21/2013) |
| 11/22/2013 | 7 | **ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William Alsup for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on November 22, 2013. (cjlS, COURT STAFF) (Filed on 11/22/2013) (Entered: 11/22/2013)** |
| 12/11/2013 | 8 | **Error, Disregard**<br>STIPULATION WITH PROPOSED ORDER *EXTENDING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND EXTENDING TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT* filed by City and County of San Francisco, Edwin Lee, Greg Suhr. (Attachments: # 1 Declaration of Christine Van Aken)(Van Aken, Christine) (Filed on 12/11/2013) Modified on 12/11/2013 (fff, COURT STAFF). Modified on 12/12/2013 (dtmS, COURT STAFF). (Entered: 12/11/2013) |
| 12/11/2013 | 9 | STIPULATION WITH PROPOSED ORDER *EXTENDING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND EXTENDING TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT -- CORRECTION OF DOCKET # 8* filed by City and County of San Francisco, Edwin Lee, Greg Suhr. (Van Aken, Christine) (Filed on 12/11/2013) (Entered: 12/11/2013) |
| 12/13/2013 | 10 | STIPULATION WITH PROPOSED ORDER *EXTENDING BRIEFING SCHEDULE ON PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION AND EXTENDING TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT [CORRECTED]* filed by City and County of San Francisco, Edwin Lee, Greg Suhr. (Attachments: # 1 Declaration of Christine Van Aken)(Van Aken, Christine) (Filed on 12/13/2013) (Entered: 12/13/2013) |
| 12/13/2013 | 11 | **Order by Hon. William Alsup granting 10 Stipulation.(whalc3, COURT STAFF) (Filed on 12/13/2013) (Entered: 12/13/2013)** |

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 12/27/2013 11:38:12 |||
| **PACER Login:** tm0137 | **Client Code:** | nra-1735 |

| Description: | Docket Report | Search Criteria: | 3:13-cv-05351-WHA |
|---|---|---|---|
| Billable Pages: | 5 | Cost: | 0.50 |

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |
| 3 | SAN JOSE DIVISION |

| | | |
|---|---|---|
| 4 | LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON, | ) **CASE NO: 13-CV-05807 RMW**<br>)<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>) |
| 6 | Plaintiffs, | ) |
| 7 | v. | ) |
| 8 | THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| 12 | Defendants. | ) |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED;
DECLARATION OF ANNA M. BARVIR IN SUPPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

| | |
|---|---|
| Roderick M. Thompson<br>Anthony P. Schoenberg<br>Farella Braun + Martel, LLP<br>235 Montgomery Street, 17TH Floor<br>San Francisco, CA 94104<br>**(SERVICE VIA ECF)** | Wayne Snodgrass, Deputy City Attorney<br>Christine Van Aken, Deputy City Attorney<br>Office of the City Attorney<br>1 Drive Carlton B. Goodlett Place<br>City Hall, Room 234<br>San Francisco, CA 94102<br>**(SERVICE VIA U.S. MAIL)** |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 27, 2013.

                                                 /s/ C. D. Michel
                                                C. D. Michel
                                                Attorney for Plaintiffs