Roderick M. Thompson (State Bar No. 96192)
 rthompson@fbm.com
Anthony P. Schoenberg (State Bar No. 203714)
 aschoenberg@fbm.com
Evan M. Engstrom (State Bar No. 267300)
 eengstrom@fbm.com
James H. Baker (State Bar No. 291836)
 jbaker@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants

UNITED STATES DISTRICT COURT NORTHERN DISTRICT

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,<br><br>Defendants. | Case No. CV-13-05807 RMW<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME FOR HEARING AND BRIEFING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY**<br><br>[LOCAL RULES 6-3 AND 7-11] |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ADMINISTRATIVE
MOTION TO ENLARGE TIME
Case No. CV-13-05807 RMW

29688\4012160.1

1 Pursuant to Civil Local Rules 6-3 and 7-11, Defendants City of Sunnyvale, its Mayor and Chief of Public Safety, submit this administrative motion to request a reasonable enlargement of the time on the hearing and briefing schedule for Plaintiffs' motion for preliminary injunction to allow Defendants time to respond and, if necessary, leave to take expedited discovery in connection with said motion.

## I. PROCEDURAL BACKGROUND

On November 5, 2013, the voters of the City of Sunnyvale passed by a vote of 66.55% an ordinance, entitled Measure C, that implements several common sense gun violence prevention measures, including a ban on the possession of large capacity magazines ("LCM").[1] *See* Declaration of Anthony P. Schoenberg In Support Of Defendants' Administrative Motion To Enlarge Time For Hearing And Briefing Plaintiffs' Motion For Preliminary Injunction And For Expedited Discovery ("Schoenberg Decl.") ¶ 2. The results of the election were certified by the Sunnyvale City Council on November 26, 2013, and it took effect on December 6, 2013. *See* Schoenberg Decl. ¶ 2.

On November 7, 2013, Plaintiffs' counsel Mr. Michel, who represents the National Rifle Association ("NRA") on the West Coast, told the Washington Post that the ban on possession of LCMs was "the perfect vehicle for accelerated Supreme Court review." S*ee* Schoenberg Decl. Exh. A. (11/7/13 Washington Post article). The same article reported that "Even before the measure was passed, the NRA said it was seeking Sunnyvale residents to represent in challenging it." *Id.* Some six weeks later, Plaintiffs' counsel (Michel & Associates) filed this action on December 16, 2013. The complaint contains a single claim for relief challenging the LCM ban under the Second Amendment.

Late in the afternoon on the Friday before Christmas, December 20, 2013, Plaintiffs first notified Defendants' counsel that they intended to file a motion for a preliminary injunction the next business day, on December 23, 2013, seeking to enjoin enforcement of the LCM ban pending the outcome of the lawsuit. *See* Schoenberg Decl. Exh. B (email string) at 14-15. Plaintiffs stated they had contacted the Court's clerk and determined that February 7, 2014 was

---

[1] An LCM is defined in Measure C as a magazine that is able to accept more than 10 rounds.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' ADMINISTRATIVE
MOTION TO ENLARGE TIME
Case No. CV-13-05807 RMW

- 1 -

29688\4012160.1

| | |
|---|---|
| 1 | the first available hearing date. *Id.* at 13.  Plaintiff's counsel did not inquire how much time |
| 2 | Defendants might need to respond or whether the February 7 (or any other) hearing date might be |
| 3 | convenient for counsel and our clients.  Plaintiffs further advised Defendants that they intended to |
| 4 | file their motion the next business day, on December 23, 2013, notwithstanding that with a |
| 5 | February 7 hearing date, Plaintiffs' motion would not be due until January 3, 2014.  *Id.*  Because |
| 6 | the deadline for opposing a motion under the Local Rules is based on the date the motion is filed |
| 7 | rather the date noticed for hearing, this meant that Defendants' opposition brief would still be due |
| 8 | on January 6, 2014 (the first Monday after the holidays). |
| 9 | Defendants' counsel called Plaintiffs' counsel to try to negotiate a reasonable extension of |
| 10 | the schedule -- including a hearing date later than February 7, 2014 -- in order to allow some time |
| 11 | after the holidays for any necessary discovery and to otherwise give the parties adequate time to |
| 12 | fully brief the issues raised by Plaintiffs' motion.  *See* Schoenberg Decl. ¶ 5.  Defendants pointed |
| 13 | out that under Measure C, any person legally in possession of an LCM has until March 6, 2014 -- |
| 14 | i.e., 90 days from December 6, 2013, the effective date of Measure C -- in which to remove |
| 15 | LCM's from Sunnyvale or otherwise dispose of them.  *See* Schoenberg Decl. ¶ 5.  Thus, there was |
| 16 | (and is) ample time for a more reasonable schedule that would still allow Plaintiffs' motion to be |
| 17 | heard and ruled on prior to March 6, 2014. |
| 18 | Plaintiffs, however, refused.  *See* Schoenberg Decl. ¶ 6.  They would not consider a |
| 19 | hearing date later than February 7, 2014, and they also insisted on filing their motion on |
| 20 | December 23, 2013.  *See* Schoenberg Decl. ¶ 6.  Following several phone calls and exchanges of |
| 21 | email, Defendants agreed to the only-slightly-modified schedule that the Plaintiffs were offering |
| 22 | on a take-it-or-leave-it basis -- which is the schedule that is set forth in the stipulation that was |
| 23 | filed on December 23, 2013.  *See* Dkt. No. 8.  Under that schedule, Defendants' opposition to |
| 24 | Plaintiffs' motion is due a week from this Monday, January 13, 2014, and Plaintiffs' reply is due |
| 25 | on January 24, 2014.  In agreeing to that schedule, Defendants counsel advised that they would |
| 26 | review Plaintiffs' moving papers and evaluate the need for discovery and "[i]f we are not able to |
| 27 | reach agreement, Defendants may have to seek adjustment to the briefing schedule."  *See* |
| 28 | Schoenberg Decl. Exh. B at 11. |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO ENLARGE TIME
Case No. CV-13-05807 RMW

- 2 -

29688\4012160.1

1       The evening of December 23, 2013, Plaintiffs filed their motion for preliminary injunction. The motion was accompanied by ten supporting declarations, including four declarations from apparent expert witnesses, and several with lengthy exhibits. In total, the submissions comprise more than 280 pages. *See* Dkts. Nos. 10-21 (motion and supporting filings). After reviewing this voluminous submission the next day (Christmas Eve), Defendants again requested a more reasonable hearing and briefing schedule. *See* Schoenberg Decl. Exh. B at 9. After a lengthy exchange of emails, however, Plaintiffs refused to agree to provide any discovery or to any enlargement of time for briefing except on the condition that the City of Sunnyvale postpone enforcement of Measure C by 60 days. *See* Schoenberg Decl. Exh. B at 1-4. Not wanting to undermine the will of 66.55% of the Sunnyvale electorate, or to jeopardize the public safety achieved by Measure C, and confident that it is well within the bounds of reasonable and common sense regulation permitted under the Second Amendment, Sunnyvale declined the offer. *See* Schoenberg Decl. ¶ 7.

## II. THE COURT SHOULD ENLARGE THE SCHEDULE ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

      Absent an enlargement of the time for hearing and briefing Plaintiffs' motion for preliminary injunction, Defendants will suffer substantial prejudice. As described above, it is apparent that the NRA and its counsel had been preparing to attack the LCM possession ban for weeks if not months before filing this lawsuit. Nonetheless, without first consulting Defendants on a hearing schedule, Plaintiffs filed a 280-page, ten declaration submission seeking a preliminary injunction two days before Christmas. They then tried to use the resulting compressed scheduled over the holidays to extract a two-month stay of enforcement of the ordinance that is the subject of this lawsuit. Yet, that ordinance, by its terms, does not require Plaintiffs to do anything with their LCMs until March 6, 2014, nearly a month after the February 7, 2014 hearing that Plaintiffs refuse to move. It is clear that Plaintiffs spent substantial time and effort to put together such a voluminous record in support of their motion. Fairness dictates that Defendants be allowed adequate time in which to respond to the motion and the large amount of supporting evidence submitted. Accordingly, Defendants propose the following schedule:

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO ENLARGE TIME - 3 -
Case No. CV-13-05807 RMW

29688\4012160.1

Hearing on motion: February 28, 2014 at 9:00 a.m.
Plaintiffs' reply due: February 14, 2014
Defendants' opposition due: January 31, 2014

The above schedule would permit Defendants the time needed to conduct some discovery, prepare an opposition and gather its own evidence, while still allowing time for the motion to be heard prior to the March 6, 2014 deadline under Measure C for disposing of LCMs.

## III. THE COURT SHOULD PERMIT DISCOVERY IN CONNECTION WITH THE PRELIMINARY INJUNCTION MOTION

A party may seek immediate discovery in response to a preliminary injunction motion. *See Stanley v. University of So. Calif.*, 13 F.3d 1313, 1326 (9th Cir. 1994). Here, Defendants request leave to take document discovery in order to test Plaintiffs' assertions that the ban on possession of LCMs — which they are not legally allowed to buy, import or transfer in California and which does not restrict the use or possession of firearms or smaller capacity magazines — causes them irreparable harm. For example, Plaintiffs state in declarations that their ability to defend their home from a home intruder would be hindered if they have to remove their LCMs from Sunnyvale during the pendency of this lawsuit, and each declarant discusses one particular firearm that he owns that is capable of holding more than ten rounds.[2] *See* Dkt. Nos. 14-18. Conspicuously absent from each declaration is any information about whether (a) the firearm discussed in the declaration is capable of using magazines that hold 10 or less rounds, and (b) whether the declarant owns other firearms capable of using magazines that hold 10 or less rounds.

As part of the lengthy meet-and-confer prior to this motion, counsel explored the possibility of Plaintiffs producing documents to provide at least some of this relevant information. Counsel for Plaintiffs considered this proposal for several days. Finally on December 31, 2013, Plaintiffs refused to provide even this "limited discovery" unless Defendants agreed to a two-month stay of enforcement of the LCM possession ban, necessitating this motion. *See* Schoenberg Decl. Exh. B at 1-2. Curiously, at the same time, Plaintiffs advised that they are

---

[2] As Plaintiffs note, California law already prohibits the purchase and sale of LCMs. Thus, the asserted harm is, essentially, that they cannot possess within the City of Sunnyvale what California law already prohibits them from buying.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO ENLARGE TIME
Case No. CV-13-05807 RMW
- 4 -

29688\4012160.1

1  "planning to amend [their] complaint to include an associational plaintiff this week." *Id.* They
2  explained that "gun owners in possession of prohibited magazines who travel through Sunnyvale
3  with them, will now be represented in the suit through the association. *Id.* Plaintiffs did not
4  explain how these new Plaintiff(s) might affect the pending motion for preliminary injunction.

Plaintiffs' counsel, Michel & Associates, have made multiple requests for documents from the Defendant City of Sunnyvale under the California Public Record Act. These requests are directed to various aspects of Measure C as well as the identities of Concealed Carry Weapons permit holders, in an apparent attempt to recruit plaintiffs. *See, e.g.,* Schoenberg Decl. Exh. C. To date, about 400 pages of documents and lists of CCW permit holders have been provided to Michel & Associates. Schoenberg Decl. ¶ 11. Discovery should be a two-way street. Accordingly, Defendants request leave to obtain expedited document discovery and, if necessary, to take one or more depositions of the six Plaintiffs prior to the deadline for filing an opposition to Plaintiffs' motion for preliminary injunction.

## IV. CONCLUSION

Basic fairness requires that Defendants be afforded a reasonable time to respond to the preliminary injunction motion that the NRA has been plotting for months. In addition, discovery should be allowed to enable Defendants and the Court to be more fully informed of the issues. Defendants respectfully request that the Court continue the hearing and enlarge the briefing schedule on Plaintiffs' motion for preliminary injunction and permit Defendants to take expedited discovery.

Dated: January 3, 2014              FARELLA BRAUN + MARTEL LLP

                                    By: /s/
                                        Anthony P. Schoenberg
                                        Attorneys for Defendants

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' MOTION TO ENLARGE TIME        - 5 -
Case No. CV-13-05807 RMW                                     29688\4012160.1