| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
|   | Clinton B. Monfort - S.B.N. 255609 |
| 2 | Sean A. Brady - S.B.N. 262007 |
|   | Anna M. Barvir - S.B.N. 268728 |
| 3 | MICHEL & ASSOCIATES, P.C. |
|   | 180 E. Ocean Boulevard, Suite 200 |
| 4 | Long Beach, CA 90802 |
|   | Telephone: 562-216-4444 |
| 5 | Facsimile: 562-216-4445 |
|   | Email: cmichel@michellawyers.com |

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,<br><br>    Defendants. | **CASE NO: CV 13-05807 RMW**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME FOR HEARING AND BRIEFING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY;**<br><br>**DECLARATION OF CLINTON B. MONFORT IN SUPPORT;**<br><br>**DECLARATION OF ANNA M. BARVIR IN SUPPORT** |

## INTRODUCTION

Defendants' request to enlarge time and to take expedited discovery mis-characterizes the parties' communications and inaccurately misrepresents Plaintiffs' good faith efforts to accommodate an extended briefing schedule to the extent possible under the severe time constraints caused by *Defendants*' actions. Defendants have not demonstrated that substantial prejudice would result absent further modification to the already enlarged briefing schedule, and they fail to establish, as they must, any justifiable need for advanced discovery.

## PROCEDURAL AND FACTUAL BACKGROUND

As an initial matter, Defendants improperly refer to Plaintiffs and their counsel as the NRA. Plaintiffs are six individual residents of the City of Sunnyvale – the NRA is not a party to this action. Plaintiffs could similarly refer to Defendants as Michael Bloomberg's coalition of Mayors Against Illegal Guns (MAIG), or as the Law Center to Prevent Gun Violence (LCPGV), the two civilian disarmament advocacy groups assisting the City that have worked to ban law-abiding citizens from possessing handguns and to secure rulings eliminating individuals' Second Amendment right to keep and bear arms. (Monfort Decl. ¶¶ 17-22; Exh. "C-E.") Counsel for Sunnyvale has a preexisting relationship with LCPGV and in fact has directly represented them in the past. (Monfort Decl. ¶ 20.) The City's inflammatory characterizations of Plaintiffs are irrelevant to this case, and are insulting to this Court. Plaintiffs will simply refer to Defendants as "the City."

In November of 2013, Sunnyvale voters passed Measure C, which in part, bans the possession of firearm magazines capable of holding more than ten rounds ("the Ordinance"). The election results were scheduled to be certified by the City in January of 2014. (Monfort Decl. ¶ 3; Exh. "A.") But on November 26, the City expedited the certification of the vote. This caused the ordinance to take effect nearly two months ahead of schedule on December 6, 2013, and gives Sunnyvale gun owners who own magazines capable of holding over ten rounds just ninety days, until March 6, 2014, to dispossess themselves of their previously lawfully possessed and constitutionally protected property.

On December 16, 2013, just ten days after the Ordinance took effect and nineteen days after the early certification vote, Plaintiffs filed their lawsuit. Within three days of filing the complaint, and shortly after learning which firm would be representing the City in this case, Plaintiffs contacted

defense counsel and informed them of the coming motion for preliminary injunction. (Monfort Decl. ¶ 4.) Plaintiffs contacted the Court to secure the first available hearing date of February 7, 2014, which is just twenty-seven days before the Ordinance takes effect. (Monfort Decl. ¶ 5.) Rather than waiting to file their motion and thereby shortening the briefing schedule, Plaintiffs told the City they would be filing their motion on December 23 and then offered to stipulate to an extended briefing schedule that would give the City twenty days to respond. (Monfort Decl. ¶ 6.) The City agreed and a stipulation was filed and signed by the Court.

After the motion was filed, the City requested more time and sought to take immediate discovery. (Monfort Decl. ¶ 7, 16; Exh. "B.") Although Plaintiffs' counsel would ordinarily agree to a further extension, the shortened time frame caused by the accelerated November certification of Measure C makes such an accommodation impossible in this case. Plaintiffs so informed the City. (Monfort Decl. ¶ 8; Exh. "B.") Nonetheless, in an effort to accommodate the City's requests without prejudicing Plaintiffs' constitutional rights, counsel offered to further extend briefing and to stipulate to some expedited discovery if the City would postpone enforcement for sixty days. (Monfort Decl. ¶ 9; Exh. "B.") Defense counsel did not inform Plaintiffs if this proposal was relayed to the City, but suggested there may be little interest in a temporary stay. (Monfort Decl. ¶ 10; Exh. "B.") Plaintiffs then informed the City to consider the meet and confer process concluded so they could get to work on their briefs. Plaintiffs' counsel repeatedly asked the City to inform Plaintiffs if and when the City expected to file a motion to extend the briefing schedule due to the short response time allowed. (Monfort Decl. ¶ 11; Exh. "B.") The City did not respond to Plaintiffs' requests and filed its motion after the close of business on Friday, January 3. (Monfort Decl. ¶ 11; Exh. "B.")[1]

I. **THE COURT SHOULD DENY THE REQUEST TO FURTHER ENLARGE TIME**

Plaintiffs have reasonably and in good faith attempted to accommodate an extended briefing

---

[1] This marks the second time the City filed a motion with a four-day response time without discussing a filing timeline with Plaintiffs' counsel. On December 23, the City filed a motion to relate this case with *San Francisco Veteran Police Officers Association v. City and County of San Francisco*, Case No. 13-CV-05351 ("*SFVPOA*"). That motion was improperly filed in this case and was later properly filed in San Francisco. Because the cases do not involve the same transaction or event, the *SFVPOA* court denied the motion before Plaintiffs filed an opposition in that case.

schedule under the limited time constraints resulting from the City's own actions. In light of this, and because the City has failed to identify any substantial prejudice, the Court should decline to further enlarge time.

The deadlines that the parties find themselves operating under are a direct result of *the City's* action in expediting certification of the Ordinance. Plaintiffs promptly prepared and filed their suit, secured a hearing date, and timely informed the City they would seek a preliminary injunction. Rather than minimally complying with the court's procedural timelines, Plaintiffs offered to file their motion early and to stipulate to a briefing schedule that gives the City twenty days to respond.

To accommodate the City, counsel offered to further extend the briefing schedule and to stipulate to expedited discovery if the City would briefly postpone enforcement. A temporary postponement would provide time for a further extension and some discovery, while also giving Plaintiffs time to take discovery on the City's evidence. Significantly, postponing enforcement would also give the Court more time to consider Plaintiffs' motion. But the City declined.

When it appeared the parties would not reach a compromise, Plaintiffs asked the City if and when it intended to file an administrative motion.[2] The City did not respond, and instead filed its motion on Friday night. The City's motion seeks a total of thirty-nine days to respond to the motion for preliminary injunction. This would push the hearing date back to just one week before residents' deadline to dispose of their constitutionally protected property. It would limit Plaintiffs to fifteen days to conduct discovery on the City's evidence (including depositions) and prepare a reply. And it would leave no time for an expedited appeal.

The City's motion should be denied because it fails to identify "the substantial harm or prejudice that would occur" if the Court does not enlarge time. Civil L.R 6-3. The City argues that additional time is needed to "prepare an opposition and gather evidence" and to "conduct discovery." (Defs.' Mot. 4.) But the City offers no argument why the current extended briefing schedule would result in substantial prejudice. Notably, in *SVFPOA*, after San Francisco learned of an anticipated motion for preliminary injunction, San Francisco proposed a briefing schedule that would afford a

---

[2] Plaintiffs considered joining an organizational plaintiff to alleviate the City's concerns about a potential stay, but Plaintiffs no longer intend to. (Monfort Decl. ¶ 12.)

twenty-one day response time. (Monfort Decl. ¶ 2.) To accommodate expanded briefing, San Francisco reasonably agreed to stay enforcement for thirty days. Sunnyvale now seeks nearly twice as long to respond, without any compromise regarding the forced dispossession date.

The City offers no real reason why it cannot postpone enforcement of the Ordinance, and defense counsel offers no reasons why they cannot complete their opposition in twenty days – a task that should not be that daunting given that defense counsels' law firm has hundreds of lawyers at their disposal, as well as the attorneys working at or with MAIG and LCPGV who have been assisting Sunnyvale and San Francisco all along and who are familiar with similar cases raising similar issues in other circuits. (Monfort Decl. ¶¶ 17-22.)

## II. THE COURT SHOULD DENY THE REQUEST FOR EXPEDITED DISCOVERY

A preliminary injunction preserves the status quo while litigation proceeds on the merits. *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (1963). Although there is usually a hold on discovery, Plaintiffs acknowledge that immediate discovery is *sometimes* appropriate. Here, however, it isn't, and the City has failed to identify a justifiable need for expedited discovery.

The City cites *Stanley v. University of Souther California*, 13 F.3d 1313, 1326 (9th Cir. 1994), to suggest that parties may seek expedited discovery. But it fails to acknowledge that expedited discovery is proper if there is an urgent need for the information. *Stanley* provides:

> [The plaintiff] could have moved, ex parte, for an order shortening time within which to conduct depositions. See Fed.R.Civ.P. 30(a); see also W. Scwarzer, A.W. Tashima, J. Wagstaffe, Federal Civil Procedure Before Trial § 11:157 (1993) (Federal Rules of Civil Procedure require a court order if plaintiff desires to take a deposition during the first 30 days after service of the summons and complaint, and *"good cause [for such an order] may exist because of the **urgent need** for discovery* in connection with an application for TRO or preliminary injunction") (internal quotations omitted).

*Id*.

The City offers no argument why it has an urgent need to take discovery before responding to Plaintiffs' motion. Nor does it offer any argument that any need outweighs the prejudice to Plaintiffs and their constitutionally protected rights. *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 276 (2002). Although this alone should result in a denial of the City's request, a review of the information sought by Plaintiffs further makes this point.

The City seeks immediate discovery to learn whether Plaintiffs have other arms (that aren't

prohibited by the Ordinance) available to them to determine whether Plaintiffs will be irreparably harmed. (Defs.' Mot. 4.) But the City fundamentally misunderstands the irreparable harm that will occur if an injunction is not issued. Plaintiffs do not assert that the Ordinance deprives them of the ability to keep a firearm for self-dense. Rather, they have alleged that the Ordinance prevents them from possessing and using commonly owned firearms with magazines capable of holding more than ten rounds – and requires them to remove these protected magazines from their homes. (Mot. Prelim. Inj. 23.) As discussed in Plaintiffs' motion, once a plaintiff shows a likelihood of success on a constitutional claim, *irreparable harm is presumed.* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 1995). If Plaintiffs have a fundamental right to posses the prohibited magazines, denial of that right *is* the irreparable harm. *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997).

Because Plaintiffs do *not* suggest they will be irreparably harmed merely because the Ordinance would prevent them from using a firearm for self-defense, the discovery the City seeks is irrelevant to Plaintiffs' motion, and in no circumstance can the City's need for such information be described as "urgent." The Court should deny the request for expedited discovery.[3]

If the Court finds any reason to proceed with expedited discovery, it should limit the City to the discovery requested in its motion and appropriately divide time between the parties to allow Plaintiffs to take reciprocal discovery on the City's evidence before filing their reply.

**CONCLUSION**

For these reasons, the Court should deny the City's administrative motion.

Date: January 7, 2014          **MICHEL & ASSOCIATES, P.C.**

                                                  /s/ C. D. Michel
                                                  C. D. Michel
                                                  Attorney for Plaintiffs

---

[3] The City's claims that counsel submitted public records requests to take discovery or to find plaintiffs are patently false. Plaintiffs' counsel often submits records requests in connection with legislative and regulatory matters for various clients. Plaintiffs' motion did not rely on any such public records, nor were records sought for such purposes. (Barvir Decl. ¶¶ 2-8; Monfort Decl. ¶¶ 13-15.) In any event, that the government is subject to the Public Records Act does not entitle it to expedited discovery.

# DECLARATION OF CLINTON B. MONFORT

I, Clinton B. Monfort, declare as follows:

1. I am an attorney licensed to practice law before the Northern District of California. I am an associate attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action and in *San Francisco Veteran Police Officers Association v. City and County of San Francisco* ("*SFVPOA*"), Case No. 13-CV-05351.

2. On December 13, 2013, after negotiations with plaintiffs' counsel in *SFVPOA*, defendants' counsel in *SFVPOA* filed a joint stipulation of the parties indicating that defendants would delay enforcement of San Francisco Police Code section 619, the magazine ban challenged in *SFVPOA*, by thirty (30) days to accommodate an extended briefing and hearing schedule on plaintiffs' motion for preliminary injunction.

3. The election results for Measure C were scheduled to be certified by the City of Sunnyvale on January 7, 2014. A true and accurate copy of an e-mail exchange between the office of plaintiffs' counsel and Lisa Natusch with the City of Sunnyvale documenting this timeline is attached hereto as Exhibit "A."

4. Within three days of filing the complaint, and shortly after learning which firm would be representing the City in this case, Plaintiffs contacted defense counsel and informed them of the coming motion for preliminary injunction.

5. Plaintiffs contacted the Court to secure the first available hearing date of February 7, 2014, which is just twenty-seven days before the new law takes effect.

6. Rather than waiting to file their motion and thereby shortening the briefing schedule, Plaintiffs told the City they would be filing their motion on December 23 and then offered to stipulate to an extended briefing schedule that would give the City twenty days to respond. The parties agreed and entered into a stipulated briefing schedule that was signed by the Court.

7. After the motion for preliminary injunction was filed, the City requested more time to prepare its opposition and contacted plaintiffs about taking various forms of discovery, including depositions of plaintiffs and an expert.

8. Although Plaintiffs' counsel would ordinarily have agreed to a further extension, the

6
OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME CV 13-05807 RMW

shortened time frame caused by the accelerated November certification of Measure C makes such an accommodation impossible in this case. Plaintiffs so informed the City.

9. To accommodate the City's requests without prejudicing Plaintiffs' constitutional rights, I offered on behalf of Plaintiffs to further extend briefing and to stipulate to some expedited discovery if the City would temporarily postpone enforcement for sixty days.

10. Defense counsel did not inform Plaintiffs if this proposal was relayed to the City, but suggested there may be little interest in a temporary stay.

11. Plaintiffs then informed the City to consider the meet and confer process concluded so they could get to work on their briefs. Plaintiffs' counsel repeatedly asked the City to inform Plaintiffs if and when the City expected to file a motion to extend the briefing schedule due to the short response time allowed. The City did not respond to Plaintiffs' requests for this information.

12. Plaintiffs briefly considered joining an organizational plaintiff to alleviate the City's concerns about a potential stay, but Plaintiffs no longer intend to amend to do so.

13. In addition to my role as a litigator, I currently serve as Michel & Associates, P.C.'s state and local legislative analyst. In that role, I regularly must weigh in on firearms laws pending before various state and local governments. I also advise various clients, members of the public, and active and retired law enforcement officials to guide their compliance with local and state laws. To that end, I regularly submit or direct law clerks to submit requests for public records (PRAR) go state and local government bodies and agencies.

14. In the normal course of my duties as Michel & Associates, P.C.'s legislative analyst, I submitted or directed law clerks to submit PRARs to various Sunnyvale offices, including the Mayor and Department of Public Safety.

15. For instance, on or about December 15, 2013, I directed my law clerk, Margaret Leidy, to submit a PRAR to the City of Sunnyvale requesting various writings concerning the application of Sunnyvale Municipal Code section 9.44.050 to law enforcement officers, who had inquired with our office whether they must surrender their magazines under the law. Contrary to defense counsel's unsupported allegations, these requests were not submitted to get a jump start on discovery. This request was made so that I might be able to answer questions I was fielding from

law enforcement and the public in my role as compliance counselor for various clients. None of the documents received were relied on in Plaintiffs' Motion for Preliminary Injunction.

16. A true and accurate copy of an e-mail exchange between the parties documenting the parties' positions and meet and confer communications regarding plaintiffs' motion for preliminary injunction and defendants' requests for a further enlargement of the briefing schedule and expedited discovery is attached hereto as Exhibit "B."

17. Attached hereto as Exhibit "C" is a true and accurate copy of printout of a December 19, 2013 release found on the website of the Law Center to Prevent Gun Violence that describes the affiliation between both defense counsel and the City of Sunnyvale in this case with the Law Center to Prevent Gun Violence.

18. Attached hereto as Exhibit "D" is a true and accurate copy of a November 6, 2013 NBC Bay Area article that describes Mayor Anthony Spitaleri's ties to Micheal Bloomberg's Mayors Against Illegal Guns coalition.

19. Attached hereto as Exhibit "E" is a true and accurate copy of a December 10, 2013 press release from the City of Sunnyvale described defense counsel's recogniction by the Law Center to Prevent Gun Violence and defense counsel's representation of the City in legal challenges to Measure C.

20. In 2008, counsel for the City, Mr. Roderick Thompson, represented the Legal Community Against Violence (now known as the Law Center to Prevent Gun Violence) as amicus in *Fiscal v. City and County of San Francisco*, Cal. Ct. App. No. A115018, which overturned the city's voter-enacted handgun ban as preempted by state law. LCAV's amicus brief in support of the City and County of San Francisco can be viewed at the organization's website: http://smartgunlaws.org/fiscal-v-city-and-county-of-san-francisco-amicus-brief-3/ (last accessed Jan. 7, 2014). LCAV's amicus letter to the California Supreme Court requesting the court grant San Francisco's petition for review can be viewed at the organization's website: http://smartgunlaws.org/fiscal-v-city-and-county-of-san-francisco-amicus-brief-4/ (last accessed Jan. 7, 2014).

21. Along with "Major American Cities" and the United States Conference of Mayors,

the Legal Community Against Violence submitted an amicus brief in the United States Supreme Court supporting the District of Columbia and Mayor Adrian M. Fenty in *District of Columbia v. Heller*, Sup. Ct. No. 07-290. LCAV's amicus brief can be viewed at the organization's website: http://smartgunlaws.org/district-of-columbia-v-heller-amicus-brief/ (last accessed Jan. 7, 2014).

22. Along with various other organizations, the Legal Community Against Violence submitted an amicus brief in the United States Supreme Court supporting the City of Chicago in *McDonald v. City of Chicago*, Sup. Ct. No. 08-1521. LCAV's amicus brief can be viewed at the organization's website: http://smartgunlaws.org/mcdonald-v-chicago-amicus-brief/ (last accessed Jan. 7, 2014).

23. Along with various other organizations, the Legal Community Against Violence submitted an amicus brief in the United States District Court for the District of Connecticut supporting defendants in *Shew v. Malloy*, USDC-Conn. No. 13-CV-739, a case challenging, among other things, Connecticut's ban on magazines capable of holding more than ten rounds of ammunition. LCAV's amicus brief can be viewed on the organization's website: http://smartgunlaws.org/amicus-brief-in-challenge-to-connecticuts-assault-weapons-ban/ (last accessed Jan. 7, 2014).

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on January 7, 2014.

_____
Clinton B. Monfort

# DECLARATION OF ANNA M. BARVIR

I, Anna M. Barvir, declare as follows:

1. I am over the age of eighteen and not a party to this action. I am attorney licensed to practice law before the Northern District of California. I am an associate attorney at the law firm of Michel & Associates, P.C., attorneys of record for Plaintiffs in this action. I have personal knowledge of the facts stated in this declaration and, if called to testify, could and would testify competently and under oath to these facts.

2. In addition to my role as a litigator, I currently serve as Michel & Associates, P.C.'s local legislative analyst. In that role, I regularly must weigh in on firearms laws pending before various California cities and counties. I also advise various clients (including retailers, organizations, and individuals) and members of the public to guide their compliance with previously enacted local laws. To that end, I regularly submit or direct law clerks to submit requests for public records (PRAR) from California cities and counties.

3. In the normal course of my duties as Michel & Associates, P.C.'s local legislative analyst, I submitted or directed law clerks to submit PRARs to various Sunnyvale offices, including the Mayor and Department of Public Safety.

4. For instance, on or about November 7, 2013, I directed my law clerk, Margaret Leidy, to submit a PRAR to Defendant Mayor Anthony Spitaleri requesting various communications with other cities' officials regarding the consideration and enactment of Measure C, which includes as only a part the ordinance challenged in this lawsuit. I requested these materials in light of statements Mr. Spitaleri made to the press regarding his communications with other cities seeking to adopt a package of gun control laws like the ones adopted through Measure C. This request was made so that I might be able to determine which cities would be considering similar laws in the future. It was not made in furtherance this litigation, and it was not made on behalf of any of the Plaintiffs.

5. On or about November 18, 2013, I submitted a PRAR to Defendant Frank Grgurina, Chief of the Department of Public Safety (DPS), requesting all communications to or from the DPS regarding any permit issued by the DPS pursuant to California Penal Code section

26150 (or former section 12050) et seq. At the request of the DPS, I narrowed that request and sought only a list of all individuals issued such permits, including retired law enforcement officers. Contrary to Mr. Schoemberg's improper characterization of my motives as "an apparent attempt to recruit plaintiffs," I made this request in conjunction with the preparation of a guide to compliance with Measure C that I was preparing at that time. I did not receive a substantive response to this PRAR until after Plaintiffs filed this lawsuit. The request was not made in furtherance this litigation, and it was not made on behalf of any of the Plaintiffs.

6. On or about November 26, 2013, I directed my law clerk, Rudy Klapper, to submit a PRAR to the DPS requesting a copy of any forms to be used in compliance with Sunnyvale Municipal Code § 9.44.060, Measure C's ammunition registration requirements. I requested these materials in response to concerns from members of the public regarding compliance with 9.44.060 in the absence of a DPS-approved form to be used for ammunition registration. This request was made so that I could respond to the various questions I was receiving regarding this issue. It was not made in furtherance this litigation, and it was not made on behalf of any of the Plaintiffs.

7. On or about November 26, 2013, I directed my law clerk, Rudy Klapper, to submit a PRAR to the DPS regarding its consideration and analysis of Measure C and any policies regarding enforcement of the various parts of Measure C. This request was made so that I could provide advice to clients and members of the public through the Measure C compliance guide that I was preparing at that time. I was specifically seeking guidance on various issues regarding Sunnyvale Municipal Code section 9.44.060, including proper storage methods for ammunition registration records. This request was not made in furtherance of this litigation, and it was not made on behalf of any of the Plaintiffs.

8. On or about January 2, 2014, I directed my law clerk, Rudy Klapper, to submit a PRAR to Defendant Mayor Anthony Spitaleri requesting various communications with other cities' officials regarding the consideration and enactment of Measure C, which includes as only a part the ordinance challenged in this lawsuit. I requested these materials in light of renewed statements Mr. Spitaleri made to the press regarding his communications with other cities seeking

to adopt a package of gun control laws like the ones adopted through Measure C. This request was made so that I might be able to determine which cities would be considering similar laws in the future. It was not made in furtherance this litigation, and it was not made on behalf of any of the Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on January 7, 2013.

_____
Anna M. Barvir

| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| SAN JOSE DIVISION | |

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>Plaintiffs<br><br>vs.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,<br><br>Defendants. | CASE NO: CV13-05807 RMW<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME FOR HEARING AND BRIEFING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY;**

**DECLARATION OF CLINTON B. MONFORT IN SUPPORT;**

**DECLARATION OF ANNA M. BARVIR IN SUPPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Roderick M. Thompson
rthompson@fbm.com
Anthony P. Schoenberg
aschoenberg@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2014.

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs