# EXHIBIT "B"

# Clint B. Monfort

| | |
|---|---|
| **From:** | Clint B. Monfort |
| **Sent:** | Monday, January 06, 2014 6:07 PM |
| **To:** | 'RThompson@fbm.com'; TSchoenberg@fbm.com |
| **Cc:** | LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel |
| **Subject:** | RE: Fyock v. Sunnyvale |

Okay, thank you for the response.

I hope that in the future you will extend us the courtesy of responding to requests as to when you expect to file administrative motions.

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

Environmental · Land Use · Firearms · Employment Law
Civil Litigation · Criminal Defense

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Monday, January 06, 2014 6:01 PM
**To:** Clint B. Monfort; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Clint, the City of Sunnyvale has no interest in staying enforcement.

Since you had stated several times that the meet and confer was concluded, and Plaintiffs would not agree to move the unilaterally-selected February 7 hearing date, we had no choice but to file the motion as provided by the Local Rules.

Rod

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Monday, January 06, 2014 4:03 PM
**To:** Thompson, Rod (27) x4445; Schoenberg, Tony (22) x4963
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

1

Gentlemen,

We have received your motion to enlarge time to respond to plaintiffs' pending MPI and for expedited discovery, filed after the close of business on Friday, January 3. In the future, I would appreciate a response to my (multiple) inquiries about the timing of such filings, particularly those with short, four-day turnarounds. This marks the second time in two weeks that you have filed such a motion without any notification of when the filing would be coming in. I hope that you will consider providing such minimal professional courtesies in the future, and we will certainly do the same.

I also write to follow up on our preliminary discussion concerning the potential filing of an amended complaint to add an organizational plaintiff. Our office was considering adding an organizational plaintiff to alleviate any concerns the City might have about staying enforcement of the ordinance to accommodate the City's requests for a further extended briefing schedule and expedited discovery (as a stipulated stay would be in response to litigation representing hundreds to thousands of individuals). Given that the City has no interest in temporarily postponing enforcement, and because our individual plaintiffs all have standing do challenge the standard magazine ban, we do not intend to amend the complaint to add an organizational plaintiff. Although we see no reason to amend, to the extent the existence of an organizational plaintiff might address any standing concerns the City may have, in the interest of judicial economy we will consider adding an organizational plaintiff if the City will stipulate that the amendment will not require plaintiffs' MPI to be refiled. If the City has any interest in this approach, please let me know.

You should receive our opposition to your motion sometime tomorrow.

Thank you,

Clint

**Clint B. Monfort**
Attorney

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law
Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Clint B. Monfort
**Sent:** Tuesday, December 31, 2013 12:56 PM
**To:** 'RThompson@fbm.com'; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale


Rod,

Thank you for your response.

Preliminarily, I think we need to reiterate that the meet and confer process for your motion was satisfied as of last Friday. I don't want you to misconstrue our continuing attempt to find a way to accommodate your desire for a further extended briefing schedule as a reason to delay the preparation and filing of your motion papers (nor your opposition to our motion for that matter). Please let us know as soon as possible when you intend to file your motion and when you will ask the court to hear it.

2

We simply thought that extending the enforcement date might be a way to avoid the need for your motion, and to avoid the urgency for a hearing on our motion for preliminary injunction. It worked in San Francisco. But in light of the short timeline we are faced with, and the differences between the cases, we should not count on it working here.

In response to your specific question about the City's or the Court's authority to postpone enforcement of a ballot measure, as you of course know, courts generally have the authority to enjoin the enforcement of laws, whether on a preliminary or a permanent basis. Parties can stipulate to allow a court to enter an order to this effect. I'm not aware of any authority suggesting that is not the case if a law is passed as a ballot measure as opposed to via legislative enactment. You can research this further if you like, but I suspect there is no authority either way distinguishing the parties' ability or a court's authority concerning a ballot measure. Our clients are willing to stipulate, and certainly won't object, to postponing enforcement to accommodate your request to further extend the briefing schedule.

In considering what to recommend to your client, it may be helpful to recall that the voters voted in Measure C, but they did not vote on when the ordinance would go into effect. The City Council, apparently at the behest of the Mayor, who was the one pushing Measure C all along, voted to move up the certification date of the vote so that the ordinance took effect in March rather than in May. It seems the Mayor was prompted to take this action by the media reporting that Mr. Michel had said we would file suit against the law when the vote was certified. That was when the City opted to moved up the certification date.

Also, to the extent it might influence your analysis or the City's decision, please be advised that we are planning to amend our complaint to include an associational plaintiff this week. When you discuss the possibility of postponing enforcement with the City, you can let them know that it's no longer just the six current plaintiffs. A large number of Sunnyvale residents, along with gun owners in possession of prohibited magazines who travel through Sunnyvale with them, will now be represented in the suit through the association. I will send you a separate meet and confer correspondence on this in the next day or two.

Regarding the City' request that our office agree to some expedited discovery prior to a rule 26(f) conference, courts typically only grant such requests if there is an urgent need for the information sought, and we don't believe there is in this case. If enforcement is postponed, however, we are nonetheless willing to move forward with some limited discovery before the City's opposition brief is due. Of course, our office would likewise need additional time to take the deposition of the City's expert(s) after the City's opposition is filed. We can try to work out these details if the City agrees to postpone enforcement to allow the parties time to conduct this discovery under a further extended briefing schedule.

Again, the meet and confer requirement for a modification motion has been satisfied since last Friday. These subsequent e-mail exchanges are simply a continuing effort to accommodate the City's requests without sacrificing our clients' rights. So, if the City is not able to postpone enforcement to accommodate postponement of the MPI and you will be proceeding with your administrative motion, please let me know what your anticipated schedule is for that motion as soon as possible.

Thank you,

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main:   (562) 216-4444
Fax:    (562) 216-4445
Email:  CMonfort@michellawyers.com
Web:    www.michellawyers.com

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law
Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Monday, December 30, 2013 8:33 PM
**To:** Clint B. Monfort; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Clint, due to the holidays, we do not have a response to your proposal.

We don't expect there to be any interest in defying the will of the voters, as you and your colleagues have suggested in court filings.

Do you have any authority supporting the request for a preliminary injunction enjoining the enforcement of a ordinance passed by the voters as to everyone affected based on a suit by a handful of individuals in a non-class action? Please let us know. Thanks.

Roderick M Thompson
*Partner*
rthompson@fbm.com
direct 415.954.4445
cell 415.509.1874

 **FARELLA BRAUN + MARTEL** LLP

Russ Building
235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400
F 415.954.4480
www.fbm.com

---

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Monday, December 30, 2013 5:10 PM
**To:** Thompson, Rod (27) x4445; Schoenberg, Tony (22) x4963
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Gentlemen,

I wanted to touch base to confirm you received our e-mail on Saturday. I'm still working on a response for you regarding the discovery you would like to take prior to before filing your MPI opposition.

4

Have you had a chance to discuss a potential stay of enforcement with the City?

I'll follow up Thursday (after the holidays) with a further response.

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

MICHEL & ASSOCIATES, P.C.
Attorneys at Law

Environmental · Land Use · Firearms · Employment Law
Civil Litigation · Criminal Defense

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Clint B. Monfort
**Sent:** Saturday, December 28, 2013 1:02 PM
**To:** 'RThompson@fbm.com'; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Rod and Tony,

Thank you for your response. I hope you all have been able to enjoy some time celebrating the holidays with your families this week as well.

I understand that your office, after a brief review of our moving papers, would like a further extension beyond the previously stipulated 20 day timeframe to respond to Plaintiffs' Motion for Preliminary Injunction. Given that the only claim in this case is already being litigated in other states, I believe that if you take a closer look at our Motion and the opposition briefs that have been filed in those cases, you will find that a substantial amount of your work has already been done for you. (See, e.g., *NYSRPA v. Cuomo*). Mayors for Illegal Guns and the Law Center to Prevent Gun Violence have been heavily involved in the passage and defense of magazine bans in those jurisdictions. The City of Sunnyvale has already been in communication with these organizations during the City's adoption of Section 9.44.050 as well. Given these resources being available to you, and that the issues in this case are in most respects similar to the issues being litigated in those cases, I believe that upon closer review of our Motion you will find that the extended 20 day briefing schedule is more than sufficient.

Given the short time frame we have to work with before the ordinance takes effect on March 6, our office prepared and filed our Motion for Preliminary Injunction as quickly as humanly possible. To clarify and reiterate, our timeframe was severely limited and we were forced to file our Motion as quickly as possible because the City opted to forego the typical process of approving a ballot measure in January, and instead verified the measure in November, thus significantly advancing the effective enforcement to March 6.

While we would normally be more than happy to accommodate your office's further extension request, the current pending enforcement date of March 6 unfortunately takes that option off the table for us. The current hearing date on Plaintiffs' Motion is February 7. The hearing date cannot be pushed back even closer to the enforcement date, as the Court will undoubtedly need time to consider and rule on the motion. In the event the court does not enjoin enforcement for any reason, we cannot stipulate away our clients' already scarce time to seek appropriate review of any district court ruling.

5

In the spirit of compromise, however, I would like to propose a further extended briefing schedule if your client is willing stay enforcement of the ordinance.

If the City will stay enforcement of the ordinance for 60 days, I propose the following schedule to allow the parties further time to prepare their respective briefs, and to give the court additional time to consider and rule on Plaintiffs' Motion:

Opposition Due Date: Friday January 27, 2014. (This provides the City with an additional 15 days, for a total of 34 days to prepare an opposition).
Reply Due Date: Monday February 10, 2014 (This provides Plaintiffs an additional 2 days, for a total for 14 days to prepare a Reply brief.)
Motion Hearing Date: Friday February 21, 2014

Please let me know if the City is willing to stay enforcement for 60 days so that we can adjust the briefing schedule accordingly to accommodate you.

If you intend to go through with the motion regardless, please let me know how and when you intend to move forward with that motion.

I will address your communications about anticipated discovery in this case on Monday, as some of them raise significant legal issues that I will need time to appropriately address.

I hope you enjoy your weekend and I look forward to hearing from you.

Clint

| **Clint B. Monfort**<br>Attorney<br><br>**MICHEL & ASSOCIATES, P.C.**<br>Attorneys at Law<br>Environmental · Land Use · Firearms · Employment Law<br>Civil Litigation · Criminal Defense | Direct: (562) 216-4456<br>Main: (562) 216-4444<br>Fax: (562) 216-4445<br>Email: CMonfort@michellawyers.com<br>Web: www.michellawyers.com<br><br>180 E. Ocean Blvd.<br>Suite 200<br>Long Beach, CA 90802 |
|---|---|

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, December 27, 2013 3:18 PM
**To:** Clint B. Monfort; TSchoenberg@fbm.com; Sean Brady; C.D. Michel
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir
**Subject:** RE: Fyock v. Sunnyvale

Chuck, Clint and Sean:

     We hope you've all had some time to enjoy the holidays. I'm interrupting mine, to try one last time to avoid a needless motion.

     Late in the afternoon one week ago today, the Friday before Christmas, you first contacted Tony by email. You did not ask how much time we might need to respond or what hearing date would be convenient for us and our clients. Instead you simply notified us that the motion would be heard on January 31 and that our opposition motion would be due under the Local Rules two weeks after Monday December 23, the date you intended to file the

6

motion. Only because that hearing date proved to be unavailable with the Court, your scheduled the hearing for February 7, again without consulting with us. After Tony reached Chuck by phone late that day, you proposed only a four day extension for our opposition brief. Given the impending holidays we accepted subjected to review of your moving papers. As I told you immediately after reviewing the motion, it is clear a further extension is required to allow the minimum discovery we need to respond.

First, while you may have worked hard to prepare the motion for preliminary injunction to meet the self imposed deadline of December 23, filing on that day was your choice. As noted in the complaint and in your moving papers, the Sunnyvale ordinance does not become effective until March 6, almost a month after the selected hearing date. Therefore, there is no need for a hearing until shortly before March 6. As a compromise, we suggest the following extended briefing schedule for both sides (provided we obtain the minimum discovery requested below):

Opposition Due Date: Friday January 31, 2014
Reply Due Date: Monday February 10, 2014 (Could be as late as Friday February 14—your call)
Motion Hearing Date: Friday February 28, 2014

Second, we will need the deposition of Mr. Kleck. The fact that he may have been deposed in other cases (please provided copies of any such depositions), does not lessen the City of Sunnyvale's discovery rights. As I requested in my email Tuesday, sent immediately after reviewing your moving papers, please obtain Mr. Kleck's availability for deposition in San Francisco in January. We will also need the documents he considered or relied upon.

Third, we will need all documentation each plaintiff has in his possession custody or control that relates to each large capacity magazine he possesses, as well as documents showing all firearms of any kind he owns or has access to for use in any residence in Sunnyvale.

Please let us know if these terms are acceptable by 5 p.m. Monday December 30. If they are not, we will prepare a suitable administrative motion, which may request a longer extension and broader discovery. Let me or Tony know if you have any questions or wish to discuss.

Rod

P.S. I need not respond here to either your mischaracterizations of our client's motives or the legal merits of your motion. We will respond to those issues in our briefing.

Roderick M Thompson
*Partner*
rthompson@fbm.com
direct 415.954.4445
cell 415.509.1874


FARELLA BRAUN + MARTEL LLP

Russ Building             T 415.954.4400
235 Montgomery Street     F 415.954.4480
San Francisco / CA 94104  www.fbm.com

---

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Friday, December 27, 2013 2:13 PM
**To:** Schoenberg, Tony (22) x4963; Sean Brady; Thompson, Rod (27) x4445; C.D. Michel
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L.

7

(21) x4937; Anna M. Barvir
**Subject:** RE: Fyock v. Sunnyvale

Hi Tony,

I've been a little out of the loop this week but I've been watching the correspondence back and forth and I wanted to clarify a couple of points.

Since irreparable harm is presumed if plaintiffs are likely to succeed on the merits (i.e. our clients have a fundamental right to possess standard magazines in their homes), I'm not sure I see the urgency to depose our plaintiffs about how they intend to comply with the ordinance. Whether some of our plaintiffs will store their magazines outside of the City or surrender them does not alleviate the irreparable harm of not being able to possess them in their homes for self-defense. I just wanted to clarify that issue as you determine whether to ask for a postponement of our MPI to take the depositions of each of our plaintiffs on this point.

Can you please confirm if you are still planning to ask for an additional extension beyond the extended stipulated briefing schedule? If so, when do you expect you will file it? Do you intend to go in ex parte and will you be asking for a hearing?

As Sean mentioned, we will of course make a good faith effort to comply with discovery requests and make our plaintiffs and witnesses available for deposition. I just want to make sure that you haven't viewed any issue that was discussed this week as a reason to hold off on preparing your opposition to our MPI. As a side note, the City of San Francisco agreed to stipulate to stay enforcement of its ordinance for 30 days so that the City could have additional time to respond to our MPI in that case. San Francisco has 20 days to respond under that extended briefing schedule. In order to make sure Sunnyvale had the same timeframe to respond (without staying enforcement of the ordinance) my colleagues and I worked day and night through the weekends to get our motion filed.

I also want to let you know that we are planning to file a motion asking the court for an expedited ruling given the looming enforcement date that is just 27 days from the scheduled hearing date.

Thank you and I look forward to hearing from you.

-Clint


**Clint B. Monfort**
Attorney

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law
Environmental · Land Use · Firearms · Employment Law
Civil Litigation · Criminal Defense

Direct: (562) 216-4456
Main:  (562) 216-4444
Fax:   (562) 216-4445
Email: CMonfort@michellawyers.com
Web:   www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** TSchoenberg@fbm.com [mailto:TSchoenberg@fbm.com]
**Sent:** Thursday, December 26, 2013 3:53 PM
**To:** Sean Brady; RThompson@fbm.com; Clint B. Monfort; C.D. Michel
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com
**Subject:** RE: Fyock v. Sunnyvale

8

Sean – Thank you for the call just now. As we agreed and discussed, the parties are at an impasse on the question of extending the time deadlines related to plaintiffs' preliminary injunction motion, and the meet and confer is complete. Accordingly, we no longer need to schedule a call on Monday.

Regards,
Tony

**Anthony P. Schoenberg**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4963
F 415.954.4480
www.fbm.com

**From:** Sean Brady [mailto:SBrady@michellawyers.com]
**Sent:** Thursday, December 26, 2013 3:31 PM
**To:** Thompson, Rod (27) x4445; Clint B. Monfort; C.D. Michel; Schoenberg, Tony (22) x4963
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937
**Subject:** RE: Fyock v. Sunnyvale
**Importance:** High

Mr. Thompson,

   Mr. Monfort is out of the office today, so I write in his stead to provide a prompt response to your December 24 e-mail requesting an extension of time to file your opposition to our motion for a preliminary injunction.

   As Mr. Monfort previously noted, while we would usually have no hesitation in extending you the professional courtesy of an extension, especially around this time of year, we simply can't in this case. The reason is that the ordinance being challenged was adopted via voter approval, not by the Sunnyvale City Council. So, as far as I understand, the Council is not authorized to amend the ordinance or postpone its implementation. This means that our clients (and any others in Sunnyvale in their situation) will be required to dispossess themselves of their constitutionally protected property (possibly indefinitely) per the ordinance by March 6, 2014. That is just 27 days from the currently scheduled February 7 hearing date on this motion. It is already questionable whether we will get a timely ruling from the court on our MPI with that hearing date.

   It is unfortunate that the City of Sunnyvale put all of us in this position. Despite, and quite possibly because the City knew a legal challenge was inevitable, the city chose to move its certification of the election results from when it was originally scheduled for January of 2014 (i.e., after the holiday season) to November 27, 2013, apparently to expedite the ordinances' implementation. Neither our clients nor our office chose this timeline, your clients did. Frankly, we wish the City had not done so. Because the city expedited the certification of the referendum, our office was forced to dedicate multiple lawyers working extended hours including the weekends in order to complete the motion by December 23, 2013. That filing date was specifically chosen by us so that *your office* would have *more* days to respond than the local rules require. We have been forced to make an extra effort as a result of your client's decisions on the

timeline for implementing the challenged ordinance. Respectfully, your office, which certainly has more resources at its disposal than we do and whose client created this predicament, is going to have to do the same.

Given the nature of the constitutional right being protected here, an extension would materially prejudice our clients for the same reasons that the preliminary injunction has been sought: plaintiffs will be forced to surrender their right to use and possess protected arms for self-defense in their homes – a harm that is "irreparable" if even for just a minute. *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997); *Ezell v. Chicago*, 651 F.3d 684, 700 (7th Cir. 2011). And it is all the more egregious because most residents will be dispossessed of their constitutionally protected property with no lawful way to replace it or be subjected to criminal prosecution. Under these circumstances, we simply cannot accommodate your request for an extension.

Of course, you are free to file a motion to postpone the hearing date and extend the briefing schedule, but, for the reasons stated, we will oppose any such motion.

Before you decide to take that approach, you might want to take a closer look at our filings. They are not nearly as extensive as your initial "skim" might suggest, and I do not believe that responding in the timeframe your office already agreed to is as daunting as you might think. The declarations you mention are actually quite concise. The "70 pages" of Mr. Kleck's declaration are mostly references and his curriculum vitae. Only 15 of those pages are his proffered opinions and findings. Clint's (Monfort of our office) declaration is only four pages explaining the sources of the exhibits we cite to, which merely show examples of advertisements and webpages showing firearms coming standard with over 10 round magazines for the purpose of self-defense. The "1/2 dozen other declarations" are from our plaintiffs swearing under penalty of perjury why they acquired their magazines legally and that they are affected by the ordinance, as well as two other relatively short expert declarations explaining, among other things, why magazines containing over ten rounds are good for self-defense.

Additionally, we understand you are receiving support from attorneys with the Law Center to Prevent Gun Violence. They are involved in similar cases all over the country and have seen most of these expert declarations (at least substantially similar ones), and know how others have responded to them. Also, most of the materials that we submitted are already available to you through other cases, and the lawyers with whom you are working at LCPGV are familiar with these arguments and counterarguments. LCPGV can assist you in filing counter-declarations similar to those filed in other cases that LCPGV is involved in.

In other words, there are a lot of materials already available to you, and much of your work is already done. You do not have to start from scratch.

Finally, while we are willing to accommodate any good faith discovery requests, I do not believe you are entitled to an extension to respond to a preliminary injunction in order to conduct a deposition of Mr. Kleck. Doing so would defeat the purpose of a preliminary injunction, which is to maintain the status quo while litigation on the ultimate merits (i.e., discovery and motion practice) continue. *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (1963) ("It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits."). For your information, depositions of most of our experts have also been taken already in those other cases described above. LCPGV can point you to those I'm sure.

We wanted to alert you of our position as soon as possible so you would have adequate time to plan your schedules for responding. If you have any questions or concerns, please feel free to contact me at your convenience to discuss.

Regards,

| **Sean Brady** | Direct: (562) 216-4464<br>Main: (562) 216-4444<br>Fax: (562) 216-4445 |
|---|---|

| Attorney | Email: SBrady@michellawyers.com |
| --- | --- |
|   **MICHEL & ASSOCIATES, P.C.**  Attorneys at Law  Environmental - Land Use - Firearms - Employment Law  Civil Litigation - Criminal Defense | Web: www.michellawyers.com  180 E. Ocean Blvd.  Suite 200  Long Beach, CA 90802 |

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** <RThompson@fbm.com>
**Date:** December 24, 2013 at 2:11:03 PM PST
**To:** <CMonfort@michellawyers.com>, <CMichel@michellawyers.com>, <TSchoenberg@fbm.com>
**Cc:** <LJensen@fbm.com>, <CAyala@michellawyers.com>, <EEngstrom@fbm.com>, <JBaker@fbm.com>, <RWoods@fbm.com>
**Subject:** RE: Fyock v. Sunnyvale

Chuck and Clint, I have only had a chance to skim your moving papers received last night, but it is clear we will need additional time to respond. We will need to take at least the deposition of Gary Kleck, and perhaps others. Kleck's declaration is over 70 pages and Clint's is well over a hundred pages. There are ½ dozen other declarations, presumably each of the named plaintiffs. The motion itself is 25 pages. As you know, most everyone is out of the office this week and/or next.

Please check with Mr. Kleck on his availability for a deposition at our offices in January in San Francisco. Once we have found a convenient date for that deposition (which you may wish to coordinate with the case against the City of San Francisco, if as I suspect, he will also provide a declaration there), we can discuss appropriate adjustments to the briefing and hearing schedule.

We will study these moving papers more carefully and get back to you next week with a proposal. I wanted to alert you right away, however, that the existing schedule is not feasible given the length and complexity of the preliminary injunction motion filings. Enjoy your holidays.

Rod

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Monday, December 23, 2013 12:32 PM
**To:** Thompson, Rod (27) x4445; C.D. Michel; Schoenberg, Tony (22) x4963
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937
**Subject:** RE: Fyock v. Sunnyvale

Thank you, gentlemen.

You have our consent to file the stipulation with the third 'whereas' clause removed.

As Chuck alluded to previously, we are normally more than willing to accommodate schedules and we are happy to extend professional courtesies. The urgency created by the pending enforcement date and the City's expedited adoption of Measure C have unfortunately tied our hands to a large extent. Normally, we would not file on December 23, and we tried to reach out as quickly as we could after determining a filing timeline. Once we learned February 7 is the first available hearing date, rather than taking additional time with our motion and filing at a later date per local rules, we opted to go ahead and file early to help accommodate an extended briefing schedule as best as possible.

We will be filing our MPI via ECF this afternoon. If you enter an appearance by filing the stipulated briefing schedule, it is my understanding that ECF service of our MPI will suffice. If you will not be filing via-ECF for any reason today, please let me know so that we can arrange for formal service. In any event, we will always be sure to provide a courtesy copy.

We are happy to discuss any anticipated discovery, just give us a call. I will be out of the office until next week, but I will have access to e-mail and I think Chuck will be in the office Thursday and Friday.

Thank you and I hope you all enjoy your holidays.

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Sunday, December 22, 2013 9:19 PM
**To:** C.D. Michel; TSchoenberg@fbm.com
**Cc:** Clint B. Monfort; LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com
**Subject:** RE: Fyock v. Sunnyvale

Chuck, we will file the stipulation without the third whereas clause mentioning discovery.

Please confirm we have your authorization to do so.

Since you asked for its deletion, we agree to take out that Whereas clause, though we hope that the parties will nonetheless be able to work out a mutually convenient discovery schedule that will timely provide the information needed under the proposed briefing schedule. We will evaluate the need for discovery after we receive your moving parties. If we are not able to reach agreement, Defendants may have to seek adjustment to the briefing schedule.

In the future, please consult with us first before reserving hearing dates, especially when you intend to file a motion on the Monday before Christmas that will have an obvious impact on our holiday plans. Speaking of which, enjoy your holidays.

Rod

Roderick M Thompson
*Partner*
rthompson@fbm.com
direct 415.954.4445
cell 415.509.1874

---

**From:** C.D. Michel [mailto:CMichel@michellawyers.com]
**Sent:** Sunday, December 22, 2013 7:36 PM
**To:** Schoenberg, Tony (22) x4963
**Cc:** Clint B. Monfort; Jensen, Lauren (22) x3505; Claudia Ayala; Thompson, Rod (27) x4445; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937
**Subject:** Re: Fyock v. Sunnyvale

I did not agree to stip to discovery

In fact, we see little if any need for it.

Lets get a simple briefing schedule stip in tomorrow.

We can discuss the rest later

C.D. Michel
Senior Counsel
MICHEL & ASSOCIATES, P.C.
Attorneys at Law
180 East Ocean Blvd., Suite 200
Long Beach, California 90802
Email:cmichel@michellawyers.com  Website:www.michellawyers.com
Phone: 562 216 4444
Fax:562 216 4445

On Dec 22, 2013, at 6:07 PM, "TSchoenberg@fbm.com" <TSchoenberg@fbm.com> wrote:

> Clint – Attached is a stipulation containing the briefing schedule set forth in your email below. With your approval, we will file this tomorrow.

13

Regards,
Tony

**Anthony P. Schoenberg**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4963
F 415.954.4480
www.fbm.com

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Friday, December 20, 2013 7:49 PM
**To:** Jensen, Lauren (22) x3505; Schoenberg, Tony (22) x4963
**Cc:** Claudia Ayala; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Mr. Schoenberg,

Per your conversations with Chuck, I propose the following briefing schedule in light of the February 7 hearing date. Based on the additional week gained from the later hearing date, this would give the City 4 additional days and plaintiffs three additional days to file their briefs.

File/Serve Motion: Monday December 23, 2013
Opposition Due Date: Monday January 12, 2014
Reply Due Date: Monday January 24, 2014
Motion Hearing Date: Friday February 7, 2014

If you would like to agree to this extension, please prepare a stipulation to that effect for the court's approval we will sign off on it.

Thank you and I look forward to working with you in this matter.

-Clint

| **Clint B. Monfort**<br>Attorney<br><br><image001.png> | Direct: (562) 216-4456<br>Main: (562) 216-4444<br>Fax: (562) 216-4445<br>Email: CMonfort@michellawyers.com<br>Web: www.michellawyers.com<br><br>180 E. Ocean Blvd.<br>Suite 200<br>Long Beach, CA 90802 |
|---|---|

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not

copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Clint B. Monfort
**Sent:** Friday, December 20, 2013 3:43 PM
**To:** ljensen@fbm.com; 'tschoenberg@fbm.com'
**Cc:** Claudia Ayala; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Ms. Jensen,

Please pass this message along to Mr. Schoenberg at your earliest convenience.

We just spoke with the clerk and first available hearing date for our Motion for Preliminary Injunction is February 7, 2014. We have reserved that date for the hearing and still intend to file our motion on Monday, December 23.

If you have any questions or suggestions about the briefing for this motion please let us know.

Thank you,

Clint

| **Clint B. Monfort**<br>Attorney<br><br><image001.png> | Direct: (562) 216-4456<br>Main: (562) 216-4444<br>Fax: (562) 216-4445<br>Email: CMonfort@michellawyers.com<br>Web: www.michellawyers.com<br><br>180 E. Ocean Blvd.<br>Suite 200<br>Long Beach, CA 90802 |
|---|---|

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** C.D. Michel
**Sent:** Friday, December 20, 2013 2:01 PM
**To:** ljensen@fbm.com
**Cc:** Claudia Ayala; Clint B. Monfort
**Subject:** FW: Fyock v. Sunnyvale

I got an oput of office reply when I sent this message to Mr. Schoenberg. Please make sure that Mr. Schoenberg gets this urgent message today.

| **C.D. Michel**<br>Senior Counsel<br><br><image001.png> | Direct: (562) 216-4441<br>Main: (562) 216-4444<br>Fax: (562) 216-4445<br>Email: CMichel@michellawyers.com<br>Web: www.michellawyers.com<br><br>180 E. Ocean Blvd.<br>Suite 200<br>Long Beach, CA 90802 |
|---|---|

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** C.D. Michel
**Sent:** Friday, December 20, 2013 1:58 PM
**To:** tschoenberg@fbm.com
**Cc:** Clint B. Monfort; Claudia Ayala; C.D. Michel
**Subject:** Fyock v. Sunnyvale

Mr. Schoenberg:

I understand you are the lead attorney defending Sunnyvale in the above referenced lawsuit challenging the provision of Measure C banning the possession of magazines that hold over 10 rounds.

Please confirm that for us.

I am writing to let you know that we will be filing a motion for a preliminary injunction on Monday, December 23, and have a hearing date tentavely reserved for the first available date, Friday, January 31, 2014.

As we understand it, pursuant to USDC Northern District Local Rules the following will be the briefing schedule on our Motion:

  File/Serve Motion: Monday December 23, 2013  (35 days file/serve)
  Opposition Due Date: Monday January 6, 2014  (14 days after motion is filed)
  Reply Due Date: Monday January 13, 2014  (7 days after opposition is due)
  Motion Hearing Date: Friday January 31, 2014  (this gives the court 18 days to consider the motion)

Because of the urgency created by the fact that the ordinance requires Sunnyvale residents to dispose of these magazines by March 6, and anticipated potential expedited appeals, we do not expect that we will be able to postpone the hearing date, nor do much to alter this briefing schedule – a professional courtesy that we would ordinarily try to accommodate.

We would offer to extend the due date for your opposition until Wednesday January 8, if you allow us until Thursday January 17 to file our reply. If that helps, please prepare a stipulation to that effect for the court's approval.

We will provide you with timely courtesy electronic copies of our filings in an attempt to assist you in preparing your opposition, and would appreciate if you would do the same.

If you have questions or other suggestions in this regard, please let us know.

| | |
|---|---|
| **C.D. Michel** <br> Senior Counsel <br><br> \<image001.png\> | Direct: (562) 216-4441 <br> Main: (562) 216-4444 <br> Fax: (562) 216-4445 <br> Email: CMichel@michellawyers.com <br> Web: www.michellawyers.com <br><br> 180 E. Ocean Blvd. <br> Suite 200 <br> Long Beach, CA 90802 |

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

\<4009118_1.pdf\>