1  C. D. Michel - S.B.N. 144258
   Clinton B. Monfort - S.B.N. 255609
2  Sean A. Brady - S.B.N. 262007
   Anna M. Barvir - S.B.N. 268728
3  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Boulevard, Suite 200
4  Long Beach, CA 90802
   Telephone: 562-216-4444
5  Facsimile: 562-216-4445
   Email: cmichel@michellawyers.com
6

7  Attorneys for Plaintiffs

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10  **SAN JOSE DIVISION**

11

12  LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,

            Plaintiffs,

    vs.

    THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,

            Defendants.

**CASE NO: CV 13-05807 RMW**

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXPEDITED RULING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF CLINTON B. MONFORT IN SUPPORT**

1
MOTION FOR EXPEDITED RULING CV 13-05807 RMW

**NOTICE OF MOTION AND MOTION**

Pursuant to Civil Local Rule 7-11, Plaintiffs submit this Administrative Motion for an Expedited Ruling on Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs respectfully request that this Court expedite its ruling on whether to enjoin Defendants City of Sunnyvale, Mayor Anthony Spitaleri, Chief Frank Grgurina (collectively "the City"), and any of the City's agents, employees, officers, and representatives from enforcing Sunnyvale Municipal Code section 9.44.050 ("the Ordinance") pending resolution of the merits of this case or further order of this Court.

This motion shall be based on this Notice of Motion and Motion, the Declaration of Clinton B. Monfort, the record to date in this matter, and upon any further matters the Court deems appropriate.

**PROCEDURAL HISTORY**

In November of 2013, the City of Sunnyvale voters passed Measure C, which included the Ordinance. Although the election results were scheduled to be certified by the City in January of 2014, the City expedited the certification of the vote on November 26, 2013. (Monfort Decl. ¶ 3; Exh. "B.") This expedited certification caused the ordinance to take effect nearly two months earlier than originally scheduled on December 6, 2013.

The Ordinance prohibits any person, corporation, or other entity in the City of Sunnyvale from possessing ammunition magazines with the capacity to accept more than ten rounds. Sunnyvale, Cal., Muni. Code § 9.44.050 (a). Pursuant to the Ordinance, any person who possesses any magazines prohibited by the Ordinance prior to its effective date shall have ninety days to cease possessing those magazines within the City of Sunnyvale. Sunnyvale, Cal., Muni. Code § 9.44.050 (b).

On December 16, 2013, ten days after the Ordinance took effect and nineteen days after the early certification vote, Plaintiffs filed their lawsuit. On December 23, 2013, Plaintiffs filed their motion for preliminary injunction. On the same day, the Parties filed a stipulation to extend the briefing schedule so that the City would have twenty days to respond to the motion for preliminary injunction.

On December 30, 2013, the City filed an Administrative Motion to relate this case with *San Francisco Veteran Police Officers Association v. City and County of San Francisco*, Case No. 13-CV-05351. On January 7, 2014, this Court denied the City's motion.

On January 3, 2014, the City filed an Administrative Motion to Enlarge Time for Hearing and Briefing Plaintiffs' Motion for Preliminary Injunction and for Expedited Discovery. On January 7, 2014, Plaintiffs filed an Opposition to that motion. The Court granted with modifications the City's motion to enlarge time and denied the City's request for expedited discovery on January 9, 2014.

Pursuant to the Court's January 9 order, the hearing on Plaintiffs' motion for preliminary injunction is currently scheduled for February 21, 2014. Just thirteen days later, on March 6, 2014, all Sunnyvale residents will be forced to remove the prohibited magazines from their homes and cease possession in Sunnyvale. Sunnyvale, Cal., Muni. Code § 9.44.050 (b). Anyone who fails to comply with the City's mandate is subject to criminal penalties, including incarceration.

Plaintiffs now bring this Administrative Motion for an Expedited Ruling on Plaintiffs' Motion for Preliminary Injunction. (Monfort Decl. ¶ 2; Exh. "A.")

**ARGUMENT**

Plaintiffs appreciate that the Court has acknowledged the Ordinance's pending effective date and that the Court is sympathetic to the need to resolve the motion for preliminary injunction prior to the March 6, 2014 deadline. Ct. Order 3:15-16, ECF No. 30. With an abundance of caution, Plaintiffs bring this motion to further inform the Court of the circumstances justifying an early decision and to respectfully request the Court expedite its ruling on Plaintiffs' motion for preliminary injunction to the maximum extent possible.

Plaintiffs brought a motion for a preliminary injunction to vindicate their fundamental constitutional right to possess magazines that are commonly possessed and used for lawful purposes, and thus protected under the Second Amendment. Pls' Mot. Prelim. Inj. 1:24-3:4, 6:1-13:12, 24:22-27. Because the Ordinance prohibits residents from possessing these magazines within their homes, Plaintiffs will be irreparably harmed as of March 6, 2014. Pls' Mot. Prelim. Inj. 2:25-3:4, 23:18-22.

1  The current schedule on Plaintiffs' motion for preliminary injunction leaves just thirteen days between the hearing date and the effective date of the Ordinance. (Monfort Decl. ¶ 4.)

Even if the Court rules to enjoin the Ordinance, time is of the essence. (Monfort Decl. ¶ 4.) If the Court issues a ruling enjoining the Ordinance after its effective date, Sunnyvale residents will have already been required to remove the banned magazines from their homes. (Monfort Decl. ¶ 4.) And if the Court issues a ruling anytime between the hearing date and the effective date of the Ordinance, it is likely that some residents will have already dispossessed themselves of the prohibited magazines, depending on when a ruling is issued. (Monfort Decl. ¶ 4.) In both situations, law-abiding residents will be permanently dispossessed of their constitutionally protected magazines with no way to replace them because state law prohibits the purchase and sale of these magazines. Cal. Penal Code §§ 32310, 32400-50. (Monfort Decl. ¶ 4.)

If the Court for any reason does not enjoin the Ordinance, time is likewise of the essence. Because the Ordinance was certified almost two months ahead of the original schedule, law-abiding Sunnyvale residents have even less time to comply with the Ordinance. (Monfort Decl. ¶ 5.) Residents will need time to determine how they will comply with the Ordinance, and to take such steps to ensure they are not at risk of criminal prosecution. (Monfort Decl. ¶ 5.) In addition, these residents, including Plaintiffs, will need time to purchase new compliant magazines to replace the magazines they were required to turn into police, surrender to a licensed gun dealer, or remove from the city. (Monfort Decl. ¶ 5.)

Finally, an expedited ruling would preserve already scarce time to file an emergency motion seeking a temporary stay of enforcement pending appeal pursuant to Circuit Rule 27-3 and/or an emergency application for injunction pending appellate review under the All Writs Act, 28 U.S.C. section 1651(a). (Monfort Decl. ¶ 5.)

An expedited ruling will thus ensure that Plaintiffs and law-abiding residents will not suffer any inadvertent harm.

///
///
///

# CONCLUSION

For these reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Administrative Motion for an Expedited Ruling on Plaintiffs' Motion for Preliminary Injunction.

Date: January 13, 2014       **MICHEL & ASSOCIATES, P.C.**

          /s/ C. D. Michel
          C. D. Michel
          Attorney for Plaintiffs

# DECLARATION OF CLINTON B. MONFORT

1. I am an attorney licensed to practice law before the Northern District of California. I am an associate attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action and in *San Francisco Veteran Police Officers Association v. City and County of San Francisco*, Case No. 13-CV-05351. I submit this declaration in support of Plaintiffs' Motion for an Expedited Ruling on Plaintiffs' Motion for Preliminary Injunction.

2. A stipulation pursuant to Civil Local Rule 7-12 could not be obtained because Plaintiffs are requesting administrative relief to expedite a ruling by the Court. While parties can stipulate to matters concerning the rights or obligations of the parties, parties cannot stipulate to matters concerning the rights or obligations of the Court. Nonetheless, I met and conferred with defense counsel regarding this Motion. On or about December 27, 2014, I e-mailed counsel for Defendants to inform them that the Plaintiffs intended to ask the Court for an expedited ruling. And on January 9, 2014, I again e-mailed counsel for Defendants to let them know of the Plaintiffs' anticipated filing time for their motion. An email chain between counsel documenting these meet and confer communications is attached hereto as Exhibit "A." (*See* 1, 9).

3. The election results for Measure C were scheduled to be certified by the City of Sunnyvale on January 7, 2014. A true and accurate copy of an e-mail exchange between the office of plaintiffs' counsel and Lisa Natusch with the City of Sunnyvale documenting this timeline is attached hereto as Exhibit "B."

4. The current schedule on Plaintiffs' motion for preliminary injunction leaves just thirteen days between the hearing date and the effective date of the Ordinance. Even if the Court rules to enjoin the Ordinance, time is of the essence. If the Court issues a ruling enjoining the Ordinance after its effective date, Sunnyvale residents will have already been required to remove the banned magazines from their homes. And if the Court issues a ruling anytime between the hearing date and the effective date of the Ordinance, it is likely that some residents will have already dispossessed themselves of the prohibited magazines, depending on when a ruling is issued. In both situations, law-abiding residents will be permanently dispossessed of their constitutionally protected magazines with no way to replace them because state law prohibits the

purchase and sale of these magazines. Cal. Penal Code §§ 32310, 32400-50.

5. If the Court for any reason does not enjoin the Ordinance, time is likewise of the essence. Because the Ordinance was certified almost two months ahead of schedule, law-abiding Sunnyvale residents have even less time to comply with the Ordinance. Residents will need time to determine how they will comply with the Ordinance and to take such steps to ensure they are not at risk to criminal prosecution. In addition, these residents, including Plaintiffs, will need time to purchase new magazines to replace the magazines they were required to remove from their homes. Finally, an expedited ruling would preserve already scarce time to file an emergency motion seeking a temporary stay of enforcement pending appeal pursuant to Circuit Rule 27-3, and/or an emergency application for injunction pending appellate review under the All Writs Act, 28 U.S.C. section 1651(a).

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on January 13, 2014.

_____
Clinton B. Monfort

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>Plaintiffs<br><br>vs.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,<br><br>Defendants. | CASE NO: CV13-05807 RMW<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN EXPEDITED RULING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Roderick M. Thompson
rthompson@fbm.com
Anthony P. Schoenberg
aschoenberg@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2014.

                                           /s/ C. D. Michel
                                           C. D. Michel
                                           Attorney for Plaintiffs