# Exhibit A

# Clint B. Monfort

| | |
|---|---|
| **From:** | Clint B. Monfort |
| **Sent:** | Thursday, January 09, 2014 4:16 PM |
| **To:** | 'RThompson@fbm.com'; 'TSchoenberg@fbm.com' |
| **Cc:** | 'LJensen@fbm.com'; Claudia Ayala; 'EEngstrom@fbm.com'; 'JBaker@fbm.com'; 'RWoods@fbm.com'; Anna M. Barvir; Sean Brady; C.D. Michel |
| **Subject:** | RE: Fyock v. Sunnyvale |

Gentlemen:

I just wanted to touch base with you regarding our anticipated request for expedited ruling that I mentioned last week.

To follow up, we plan to file an Administrative Motion for Expedited Ruling on Plaintiffs' Motion for Preliminary Injunction tomorrow. Although I don't expect this will require a filing on your end, I wanted to give you a courtesy notice nonetheless.

Thank you,

Clint

---

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

Environmental · Land Use · Firearms · Employment Law
Civil Litigation · Criminal Defense

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Clint B. Monfort
**Sent:** Monday, January 06, 2014 6:07 PM
**To:** 'RThompson@fbm.com'; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Okay, thank you for the response.

I hope that in the future you will extend us the courtesy of responding to requests as to when you expect to file administrative motions.

Clint

---

**Clint B. Monfort**

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445

| | |
|---|---|
| Attorney | Email   CMonfort@michellawyers.com <br> Web:   www.michellawyers.com |
| **MICHEL & ASSOCIATES, P.C.** <br> Attorneys at Law <br> Environmental - Land Use - Firearms - Employment Law <br> Civil Litigation - Criminal Defense | 180 E. Ocean Blvd. <br> Suite 200 <br> Long Beach, CA 90802 |

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Monday, January 06, 2014 6:01 PM
**To:** Clint B. Monfort; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Clint, the City of Sunnyvale has no interest in staying enforcement.

Since you had stated several times that the meet and confer was concluded, and Plaintiffs would not agree to move the unilaterally-selected February 7 hearing date, we had no choice but to file the motion as provided by the Local Rules.

Rod

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Monday, January 06, 2014 4:03 PM
**To:** Thompson, Rod (27) x4445; Schoenberg, Tony (22) x4963
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Gentlemen,

We have received your motion to enlarge time to respond to plaintiffs' pending MPI and for expedited discovery, filed after the close of business on Friday, January 3. In the future, I would appreciate a response to my (multiple) inquiries about the timing of such filings, particularly those with short, four-day turnarounds. This marks the second time in two weeks that you have filed such a motion without any notification of when the filing would be coming in. I hope that you will consider providing such minimal professional courtesies in the future, and we will certainly do the same.

I also write to follow up on our preliminary discussion concerning the potential filing of an amended complaint to add an organizational plaintiff. Our office was considering adding an organizational plaintiff to alleviate any concerns the City might have about staying enforcement of the ordinance to accommodate the City's requests for a further extended briefing schedule and expedited discovery (as a stipulated stay would be in response to litigation representing hundreds to thousands of individuals). Given that the City has no interest in temporarily postponing enforcement, and because our individual plaintiffs all have standing do challenge the standard magazine ban, we do not intend to amend the complaint to add an organizational plaintiff. Although we see no reason to amend, to the extent the existence of an organizational plaintiff might address any standing concerns the City may have, in the interest of judicial economy we will consider adding an organizational plaintiff if the City will stipulate that the amendment will not require plaintiffs' MPI to be refiled. If the City has any interest in this approach, please let me know.

2

You should receive our opposition to your motion sometime tomorrow.

Thank you,

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main:  (562) 216-4444
Fax:   (562) 216-4445
Email: CMonfort@michellawyers.com
Web:   www.michellawyers.com

MICHEL & ASSOCIATES, P.C.
Attorneys at Law

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Clint B. Monfort
**Sent:** Tuesday, December 31, 2013 12:56 PM
**To:** 'RThompson@fbm.com'; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Rod,

Thank you for your response.

Preliminarily, I think we need to reiterate that the meet and confer process for your motion was satisfied as of last Friday. I don't want you to misconstrue our continuing attempt to find a way to accommodate your desire for a further extended briefing schedule as a reason to delay the preparation and filing of your motion papers (nor your opposition to our motion for that matter). Please let us know as soon as possible when you intend to file your motion and when you will ask the court to hear it.

We simply thought that extending the enforcement date might be a way to avoid the need for your motion, and to avoid the urgency for a hearing on our motion for preliminary injunction. It worked in San Francisco. But in light of the short timeline we are faced with, and the differences between the cases, we should not count on it working here.

In response to your specific question about the City's or the Court's authority to postpone enforcement of a ballot measure, as you of course know, courts generally have the authority to enjoin the enforcement of laws, whether on a preliminary or a permanent basis. Parties can stipulate to allow a court to enter an order to this effect. I'm not aware of any authority suggesting that is not the case if a law is passed as a ballot measure as opposed to via legislative enactment. You can research this further if you like, but I suspect there is no authority either way distinguishing the parties' ability or a court's authority concerning a ballot measure. Our clients are willing to stipulate, and certainly won't object, to postponing enforcement to accommodate your request to further extend the briefing schedule.

In considering what to recommend to your client, it may be helpful to recall that the voters voted in Measure C, but they did not vote on when the ordinance would go into effect. The City Council, apparently at the

3

behest of the Mayor, who was the one pushing Measure C all along, voted to move up the certification date of the vote so that the ordinance took effect in March rather than in May. It seems the Mayor was prompted to take this action by the media reporting that Mr. Michel had said we would file suit against the law when the vote was certified. That was when the City opted to moved up the certification date.

Also, to the extent it might influence your analysis or the City's decision, please be advised that we are planning to amend our complaint to include an associational plaintiff this week. When you discuss the possibility of postponing enforcement with the City, you can let them know that it's no longer just the six current plaintiffs. A large number of Sunnyvale residents, along with gun owners in possession of prohibited magazines who travel through Sunnyvale with them, will now be represented in the suit through the association. I will send you a separate meet and confer correspondence on this in the next day or two.

Regarding the City' request that our office agree to some expedited discovery prior to a rule 26(f) conference, courts typically only grant such requests if there is an urgent need for the information sought, and we don't believe there is in this case. If enforcement is postponed, however, we are nonetheless willing to move forward with some limited discovery before the City's opposition brief is due. Of course, our office would likewise need additional time to take the deposition of the City's expert(s) after the City's opposition is filed. We can try to work out these details if the City agrees to postpone enforcement to allow the parties time to conduct this discovery under a further extended briefing schedule.

Again, the meet and confer requirement for a modification motion has been satisfied since last Friday. These subsequent e-mail exchanges are simply a continuing effort to accommodate the City's requests without sacrificing our clients' rights. So, if the City is not able to postpone enforcement to accommodate postponement of the MPI and you will be proceeding with your administrative motion, please let me know what your anticipated schedule is for that motion as soon as possible.

Thank you,

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

MICHEL & ASSOCIATES, P.C.
Attorneys at Law
Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

180 E Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Monday, December 30, 2013 8:33 PM
**To:** Clint B. Monfort; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Clint, due to the holidays, we do not have a response to your proposal.

We don't expect there to be any interest in defying the will of the voters, as you and your colleagues have suggested in court filings.

Do you have any authority supporting the request for a preliminary injunction enjoining the enforcement of a ordinance passed by the voters as to everyone affected based on a suit by a handful of individuals in a non-class action? Please let us know. Thanks.

Roderick M Thompson
*Partner*
rthompson@fbm.com
direct 415.954.4445
cell 415.509.1874


FARELLA BRAUN + MARTEL LLP

Russ Building                T 415.954.4400
235 Montgomery Street        F 415.954.4480
San Francisco / CA 94104     www.fbm.com


**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Monday, December 30, 2013 5:10 PM
**To:** Thompson, Rod (27) x4445; Schoenberg, Tony (22) x4963
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Gentlemen,

I wanted to touch base to confirm you received our e-mail on Saturday. I'm still working on a response for you regarding the discovery you would like to take prior to before filing your MPI opposition.

Have you had a chance to discuss a potential stay of enforcement with the City?

I'll follow up Thursday (after the holidays) with a further response.

Clint

| **Clint B. Monfort**<br>Attorney | Direct: (562) 216-4456<br>Main: (562) 216-4444<br>Fax: (562) 216-4445<br>Email: CMonfort@michellawyers.com<br>Web: www.michellawyers.com |
|---|---|
| MICHEL & ASSOCIATES, P.C.<br>Attorneys at Law<br>Environmental · Land Use · Firearms · Employment Law<br>Civil Litigation · Criminal Defense | 180 E. Ocean Blvd.<br>Suite 200<br>Long Beach, CA 90802 |

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Clint B. Monfort
**Sent:** Saturday, December 28, 2013 1:02 PM
**To:** 'RThompson@fbm.com'; TSchoenberg@fbm.com
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir; Sean Brady; C.D. Michel
**Subject:** RE: Fyock v. Sunnyvale

Rod and Tony,

Thank you for your response. I hope you all have been able to enjoy some time celebrating the holidays with your families this week as well.

I understand that your office, after a brief review of our moving papers, would like a further extension beyond the previously stipulated 20 day timeframe to respond to Plaintiffs' Motion for Preliminary Injunction. Given that the only claim in this case is already being litigated in other states, I believe that if you take a closer look at our Motion and the opposition briefs that have been filed in those cases, you will find that a substantial amount of your work has already been done for you. (See, e.g., *NYSRPA v. Cuomo*). Mayors for Illegal Guns and the Law Center to Prevent Gun Violence have been heavily involved in the passage and defense of magazine bans in those jurisdictions. The City of Sunnyvale has already been in communication with these organizations during the City's adoption of Section 9.44.050 as well. Given these resources being available to you, and that the issues in this case are in most respects similar to the issues being litigated in those cases, I believe that upon closer review of our Motion you will find that the extended 20 day briefing schedule is more than sufficient.

Given the short time frame we have to work with before the ordinance takes effect on March 6, our office prepared and filed our Motion for Preliminary Injunction as quickly as humanly possible. To clarify and reiterate, our timeframe was severely limited and we were forced to file our Motion as quickly as possible because the City opted to forego the typical process of approving a ballot measure in January, and instead verified the measure in November, thus significantly advancing the effective enforcement to March 6.

While we would normally be more than happy to accommodate your office's further extension request, the current pending enforcement date of March 6 unfortunately takes that option off the table for us. The current hearing date on Plaintiffs' Motion is February 7. The hearing date cannot be pushed back even closer to the enforcement date, as the Court will undoubtedly need time to consider and rule on the motion. In the event the court does not enjoin enforcement for any reason, we cannot stipulate away our clients' already scarce time to seek appropriate review of any district court ruling.

In the spirit of compromise, however, I would like to propose a further extended briefing schedule if your client is willing stay enforcement of the ordinance.

If the City will stay enforcement of the ordinance for 60 days, I propose the following schedule to allow the parties further time to prepare their respective briefs, and to give the court additional time to consider and rule on Plaintiffs' Motion:

Opposition Due Date: Friday January 27, 2014. (This provides the City with an additional 15 days, for a total of 34 days to prepare an opposition).
Reply Due Date: Monday February 10, 2014 (This provides Plaintiffs an additional 2 days, for a total for 14 days to prepare a Reply brief.)
Motion Hearing Date: Friday February 21, 2014

Please let me know if the City is willing to stay enforcement for 60 days so that we can adjust the briefing schedule accordingly to accommodate you.

6

If you intend to go through with the motion regardless, please let me know how and when you intend to move forward with that motion.

I will address your communications about anticipated discovery in this case on Monday, as some of them raise significant legal issues that I will need time to appropriately address.

I hope you enjoy your weekend and I look forward to hearing from you.

Clint

**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law
Environmental · Land Use · Firearms · Employment Law
Civil Litigation · Criminal Defense

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, December 27, 2013 3:18 PM
**To:** Clint B. Monfort; TSchoenberg@fbm.com; Sean Brady; C.D. Michel
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com; Anna M. Barvir
**Subject:** RE: Fyock v. Sunnyvale

Chuck, Clint and Sean:

We hope you've all had some time to enjoy the holidays. I'm interrupting mine, to try one last time to avoid a needless motion.

Late in the afternoon one week ago today, the Friday before Christmas, you first contacted Tony by email. You did not ask how much time we might need to respond or what hearing date would be convenient for us and our clients. Instead you simply notified us that the motion would be heard on January 31 and that our opposition motion would be due under the Local Rules two weeks after Monday December 23, the date you intended to file the motion. Only because that hearing date proved to be unavailable with the Court, your scheduled the hearing for February 7, again without consulting with us. After Tony reached Chuck by phone late that day, you proposed only a four day extension for our opposition brief. Given the impending holidays we accepted subjected to review of your moving papers. As I told you immediately after reviewing the motion, it is clear a further extension is required to allow the minimum discovery we need to respond.

First, while you may have worked hard to prepare the motion for preliminary injunction to meet the self imposed deadline of December 23, filing on that day was your choice. As noted in the complaint and in your moving papers, the Sunnyvale ordinance does not become effective until March 6, almost a month after the selected hearing date. Therefore, there is no need for a hearing until shortly before March 6. As a compromise, we suggest the following extended briefing schedule for both sides (provided we obtain the minimum discovery requested below):

Opposition Due Date: Friday January 31, 2014
Reply Due Date: Monday February 10, 2014 (Could be as late as Friday February 14—your call)
Motion Hearing Date: Friday February 28, 2014

       Second, we will need the deposition of Mr. Kleck. The fact that he may have been deposed in other cases (please provided copies of any such depositions), does not lessen the City of Sunnyvale's discovery rights. As I requested in my email Tuesday, sent immediately after reviewing your moving papers, please obtain Mr. Kleck's availability for deposition in San Francisco in January. We will also need the documents he considered or relied upon.

       Third, we will need all documentation each plaintiff has in his possession custody or control that relates to each large capacity magazine he possesses, as well as documents showing all firearms of any kind he owns or has access to for use in any residence in Sunnyvale.

Please let us know if these terms are acceptable by 5 p.m. Monday December 30. If they are not, we will prepare a suitable administrative motion, which may request a longer extension and broader discovery. Let me or Tony know if you have any questions or wish to discuss.

Rod

P.S. I need not respond here to either your mischaracterizations of our client's motives or the legal merits of your motion. We will respond to those issues in our briefing.

Roderick M Thompson
*Partner*
rthompson@fbm.com
direct 415.954.4445
cell 415.509.1874



FARELLA BRAUN + MARTEL LLP

Russ Building       T 415.954.4400
235 Montgomery Street      F 415.954.4480
San Francisco / CA 94104      www.fbm.com

---

**From:** Clint B. Monfort [mailto:CMonfort@michellawyers.com]
**Sent:** Friday, December 27, 2013 2:13 PM
**To:** Schoenberg, Tony (22) x4963; Sean Brady; Thompson, Rod (27) x4445; C.D. Michel
**Cc:** Jensen, Lauren (22) x3505; Claudia Ayala; Engstrom, Evan (27) x4945; Baker, James (21) x4965; Woods, Rochelle L. (21) x4937; Anna M. Barvir
**Subject:** RE: Fyock v. Sunnyvale

Hi Tony,

I've been a little out of the loop this week but I've been watching the correspondence back and forth and I wanted to clarify a couple of points.

Since irreparable harm is presumed if plaintiffs are likely to succeed on the merits (i.e. our clients have a fundamental right to possess standard magazines in their homes), I'm not sure I see the urgency to depose our plaintiffs about how they intend to comply with the ordinance. Whether some of our plaintiffs will store their magazines outside of the City or surrender them does not alleviate the irreparable harm of not being able to possess them in their homes for self-defense. I just wanted to clarify that issue as you determine whether to ask for a postponement of our MPI to take the depositions of each of our plaintiffs on this point.

Can you please confirm if you are still planning to ask for an additional extension beyond the extended stipulated briefing schedule? If so, when do you expect you will file it? Do you intend to go in ex parte and will you be asking for a hearing?

As Sean mentioned, we will of course make a good faith effort to comply with discovery requests and make our plaintiffs and witnesses available for deposition. I just want to make sure that you haven't viewed any issue that was discussed this week as a reason to hold off on preparing your opposition to our MPI. As a side note, the City of San Francisco agreed to stipulate to stay enforcement of its ordinance for 30 days so that the City could have additional time to respond to our MPI in that case. San Francisco has 20 days to respond under that extended briefing schedule. In order to make sure Sunnyvale had the same timeframe to respond (without staying enforcement of the ordinance) my colleagues and I worked day and night through the weekends to get our motion filed.

I also want to let you know that we are planning to file a motion asking the court for an expedited ruling given the looming enforcement date that is just 27 days from the scheduled hearing date.

Thank you and I look forward to hearing from you.

-Clint


**Clint B. Monfort**
Attorney

Direct: (562) 216-4456
Main:   (562) 216-4444
Fax:    (562) 216-4445
Email:  CMonfort@michellawyers.com
Web:    www.michellawyers.com

MICHEL & ASSOCIATES, P.C.
Attorneys at Law
Environmental - Land Use - Firearms - Employment Law
Civil Litigation - Criminal Defense

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** TSchoenberg@fbm.com [mailto:TSchoenberg@fbm.com]
**Sent:** Thursday, December 26, 2013 3:53 PM
**To:** Sean Brady; RThompson@fbm.com; Clint B. Monfort; C.D. Michel
**Cc:** LJensen@fbm.com; Claudia Ayala; EEngstrom@fbm.com; JBaker@fbm.com; RWoods@fbm.com
**Subject:** RE: Fyock v. Sunnyvale

Sean – Thank you for the call just now. As we agreed and discussed, the parties are at an impasse on the question of extending the time deadlines related to plaintiffs' preliminary injunction motion, and the meet and confer is complete. Accordingly, we no longer need to schedule a call on Monday.

Regards,
Tony

Anthony P. Schoenberg
Attorney at Law

Farella Braun + Martel LLP
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

9