Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Anthony P. Schoenberg (State Bar No. 203714)
aschoenberg@fbm.com
Evan M. Engstrom (State Bar No. 267300)
eengstrom@fbm.com
James H. Baker (State Bar No. 291836)
jbaker@fbm.com
Rochelle L. Woods (State Bar No. 282415)
rwoods@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
THE CITY OF SUNNYVALE, THE MAYOR OF
SUNNYVALE, ANTHONY SPITALERI, in his
official capacity, THE CHIEF OF THE
SUNNYVALE DEPARTMENT OF PUBLIC
SAFETY, FRANK GRGURINA, in his official
capacity.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,<br><br>Defendants. | Case No. 13-cv-05807 RMW<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Date Action Filed: December 16, 2013<br><br>Trial Date: None Set |

Defendants City of Sunnyvale, the former Mayor of Sunnyvale, Anthony Spitaleri, in his official capacity, and the Chief of the Sunnyvale Department of Public Safety, Frank Grgurina, in his official capacity (collectively, "Defendants" or the "City"), by and through their undersigned

counsel, hereby respond to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed on December 16, 2013, by Plaintiffs Leonard Fyock, Scott Hochstetler, William Douglas, David Pearson, Brad Seifers, and Rod Swanson (collectively, "Plaintiffs").

## ANSWER

## INTRODUCTION

1. The City admits that Plaintiffs purport to bring this suit to challenge the constitutionality of Sunnyvale Municipal Code section 9.44.050, and that the ordinance is or will be enforced by city officials. Except as so expressly admitted, the City denies the remaining allegations in Paragraph 1.

2. The City denies the factual allegations in Paragraph 2, and the Ordinance speaks for itself. To the extent Paragraph 2 contains legal conclusions, the City is not required to respond to those statements of law.

3. The City denies the allegations in Paragraph 3.

4. Regarding Paragraph 4, the City admits that Plaintiffs purport to seek declaratory and injunctive relief to invalidate and enjoin the City's enforcement of the Ordinance.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the City admits that this Court has original jurisdiction over this action.

6. The City denies the allegations in Paragraph 6 on the basis that they state only legal conclusions to which no answer is required.

## INTRADISTRICT ASSIGNMENT

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the City admits that assignment to the San Jose division of the United States District Court for the Northern District of California is proper.

## PARTIES

8. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies each and every allegation therein.

9. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies each and every allegation therein.

10. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies each and every allegation therein.

11. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies each and every allegation therein.

12. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies each and every allegation therein.

13. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies each and every allegation therein.

14. Paragraph 14 contains legal conclusions to which no response is required. The City is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 14 and therefore denies each and every allegation therein.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies each and every allegation therein.

16. Defendant City of Sunnyvale admits that it is a municipal corporation acting as such by and under state law and has responsibilities for implementing and enforcing the Ordinance. The City denies the remaining allegations in Paragraph 16 on the basis that they state only legal conclusions to which no answer is required.

17. Defendant Anthony Spitaleri admits that he was sued in his official capacity as the Mayor of Sunnyvale. Defendant Anthony Spitaleri denies the remaining allegations in Paragraph 17.

18. Defendant Frank Grgurina admits that he is the Chief of the Department of Public Safety of the City of Sunnyvale, that he is an employee of the City of Sunnyvale, that city officials have responsibilities for enforcing the Ordinance, and that he is being sued in his official capacity. Defendant Frank Grgurina denies the remaining allegations in Paragraph 18.

**GENERAL ALLEGATIONS**

19. The City admits that, on July 16, 2013, the Sunnyvale City Council adopted a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

1 resolution calling for a Special Municipal Election to be held on November 5, 2013, for the
2 purpose of voting on various proposed amendments to the Sunnyvale Municipal Code, including
3 Measure C, and that the ballot measure asked voters to adopt among other items, Sunnyvale
4 Municipal Code section 9.44.050. The City admits that Plaintiffs have purported to attach a copy
5 of Sunnyvale Municipal Code section 9.44.050 as Exhibit "A." Except as so expressly admitted,
6 the City denies the remaining allegations of Paragraph 19.

7     20.     The City admits the allegations in Paragraph 20.
8     21.     The City admits the allegations in Paragraph 21.
9     22.     The City admits the allegations in Paragraph 22.
10     23.     Paragraph 23 contains legal conclusions to which no response is required, and
11 the Ordinance speaks for itself.
12     24.     Paragraph 24 contains legal conclusions to which no response is required, and
13 the Ordinance speaks for itself.
14     25.     Paragraph 25 contains legal conclusions to which no response is required, and
15 the Ordinance speaks for itself.
16     26.     Paragraph 26 contains legal conclusions to which no response is required, and
17 the Ordinance speaks for itself.
18     27.     Paragraph 27 contains legal conclusions to which no response is required, and
19 the Ordinance speaks for itself.
20     28.     Paragraph 28 contains legal conclusions to which no response is required, and
21 the Ordinance speaks for itself.
22     29.     Paragraph 29 contains legal conclusions to which no response is required, and
23 the Ordinance speaks for itself.
24     30.     The City denies the allegations in Paragraph 30.
25     31.     The City admits the allegations in Paragraph 31.
26     32.     The City admits the allegations in Paragraph 32.
27     33.     The City admits that the United States Supreme Court issued the decision
28 *District of Columbia v. Heller*, 554 U.S. 570 (2008) on June 26, 2008. The City denies the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

remaining allegations in Paragraph 33 on the basis that they state only legal conclusions to which no answer is required.

34. The City denies the allegations in Paragraph 34 on the basis that they state only legal conclusions to which no answer is required.

35. The City denies the allegations in Paragraph 35 on the basis that they state only legal conclusions to which no answer is required.

36. The City denies the allegations in Paragraph 36 on the basis that they state only legal conclusions to which no answer is required

37. The City denies the allegations in Paragraph 37.

38. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations.

39. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40. The City denies that magazines with capacities of more than ten rounds are standard for many common handguns and long guns. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies those allegations.

41. The City denies that "standard-capacity" magazines are capable of holding more than ten rounds. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies those allegations.

42. The City denies that "standard-capacity" magazines are capable of holding more than ten rounds. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies those allegations.

43. The City denies the allegations in Paragraph 43 on the basis that they state only legal conclusions to which no answer is required.

44. The City denies that "standard-capacity" magazines are capable of holding more than ten rounds. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies those allegations.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

45. The City denies the allegations in Paragraph 45.

46. The City denies the allegations in Paragraph 46.

47. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies those allegations.

48. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies those allegations.

49. The City denies the allegations in Paragraph 49.

50. The City denies the allegations in Paragraph 50.

51. The City denies the allegations in Paragraph 51.

52. The City denies the allegations in Paragraph 52.

53. The City denies the allegations in Paragraph 53.

54. The City denies that "standard-capacity" magazines are capable of holding more than ten rounds. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies those allegations.

## **DECLARATORY JUDGMENT ALLEGATIONS**

55. Paragraph 55 contains legal conclusions to which no response is required. The City is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 55 and therefore denies those allegations.

56. Paragraph 56 contains legal conclusions to which no response is required. The City is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 56 and therefore denies those allegations.

57. The City denies the allegations in Paragraph 57.

58. The City admits that Plaintiffs are making certain contentions and assert that they desire a judicial declaration of their rights and the City's duties. The City denies the remaining allegations in Paragraph 58.

## **INJUNCTIVE RELIEF ALLEGATIONS**

59. The City denies the allegations in Paragraph 59.

60. The City denies the allegations in Paragraph 60.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

| | |
|---|---|
| 1 | 61. The City denies the allegations in Paragraph 61. |
| 2 | 62. The City denies the allegations in Paragraph 62. |

### CLAIM FOR RELIEF: VALIDITY OF SMC § 9.44.050

63. Paragraphs 1-62 are realleged and incorporated herein by reference.

64. The City denies the allegations in Paragraph 64.

65. The City denies the allegations in Paragraph 65.

66. The City denies the allegations in Paragraph 66.

### PRAYER FOR RELIEF

The allegations in the six (6) numbered paragraphs which appear directly following the word "WHEREFORE" are Plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the City denies that any relief should be awarded and requests that this Court dismiss the Complaint with Plaintiffs taking nothing by way of damages, fees, or costs against the City.

The City further answers that all allegations in the Complaint which are not specifically admitted or otherwise answered are hereby denied.

### AFFIRMATIVE DEFENSES

Additionally, the City answers the Complaint by way of affirmative defenses alleged below. By alleging these defenses below, the City is not agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

### First Affirmative Defense
### (No Standing)

As a first, separate and distinct affirmative defense, the City alleges that Plaintiffs lack standing to bring the claims that are set forth in the Complaint.

### Second Affirmative Defense
### (Failure to State a Claim)

As a second, separate and distinct affirmative defense, the City alleges that the Complaint fails to state facts sufficient to state a cause of action for which relief can be granted.

**Third Affirmative Defense**
**(Failure to Exhaust Administrative Remedies)**

As a third, separate and distinct affirmative defense, the City alleges that Plaintiffs are barred from bringing or maintaining this action because they have failed to exhaust their administrative remedies.

**Fourth Affirmative Defense**
**(Attorneys' Fees)**

As a fourth, separate and distinct affirmative defense, the City alleges that Plaintiffs have failed to state facts sufficient to set forth a claim for recovery of their attorneys' fees.

**Fifth Affirmative Defense**
**(Irreparable Harm)**

As a fifth, separate and distinct affirmative defense, the City alleges that Plaintiffs have not experienced irreparable harm, making injunctive relief improper.

**Sixth Affirmative Defense**
**(Ripeness)**

As a sixth, separate and distinct affirmative defense, the City alleges that some or all of Plaintiffs' causes of action are premature and not ripe for adjudication.

**Seventh Affirmative Defense**
**(Fault of Third Parties)**

As a seventh, separate and distinct affirmative defense, the City alleges that the harms alleged in the Complaint are the fault of third parties and/or acts not within the control of the City, including but not limited to statutes enacted and enforced by the State of California and/or third party retailers.

**Eighth Affirmative Defense**
**(Unclean Hands)**

As an eighth, separate and distinct affirmative defense, the City alleges Plaintiffs' claims and requests for equitable relief are barred by the doctrine of unclean hands.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

## Ninth Affirmative Defense
### (Improper Party)

As a ninth, separate and distinct affirmative defense, the City alleges that Defendant Anthony Spitaleri should be dismissed from this suit because he was sued in his official capacity as the Mayor of Sunnyvale, and, as of about January 7, 2014, he is no longer the Mayor.

## Tenth Affirmative Defense
### (Additional Defenses)

The Complaint is barred by other affirmative defenses that the City may allege as those defenses become known through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever, and pray as follows:

A. That the Complaint be denied;

B. That Plaintiffs shall take nothing by way of their Complaint;

C. That Defendants have acted in accordance with the law in all respects;

D. That the Court deny any award of attorneys' fees to Plaintiffs;

E. That the Court grant to Defendants reasonable attorneys' fees and an award of costs of suit incurred herein; and

F. For such other relief as this Court may deem just and proper.

Dated: January 16, 2014　　　　　　　　FARELLA BRAUN + MARTEL LLP

By: */s/ Anthony P. Schoenberg*
　　Anthony P. Schoenberg
　　Attorneys for Defendants
　　THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity.