Roderick M. Thompson (State Bar No. 96192)
Anthony P. Schoenberg (State Bar No. 203714)
Rochelle L. Woods (State Bar No. 282415)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: aschoenberg@fbm.com

Attorneys for Defendants THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, and THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,

Plaintiffs,

v.

THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10,

Defendants.

Case No. 13-cv-05807 RMW

**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE AND MOTION TO STRIKE PLAINTIFFS' IMPROPER OBJECTIONS TO EVIDENCE**

Date: February 21, 2014
Time: 9:00 a.m.
Location: San Jose Courthouse
Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

Plaintiffs have made plain that they see this case as a vehicle to make appellate, or perhaps even U.S. Supreme Court, Second Amendment law. Even before filing suit, Plaintiffs' attorney told the press that Sunnyvale's LCM ban is "the perfect vehicle for accelerated Supreme Court review."[1] Hence, Defendants for the (appellate) record are obliged to object to the improper "evidence" submitted with Plaintiffs' Reply Memorandum[2] and the improper argument contained in its Statement of Recent Decision.

In particular, Plaintiffs submitted two lengthy documents—a fifteen-page "Objections to Evidence of Defendants the City of Sunnyvale et al." ("Objections") (Dkt. 45-1) and a seventeen-page Supplemental Declaration of Gary Kleck in Support of Motion for Preliminary Injunction ("Supplemental Kleck Declaration") (Dkt. 45-2) — in support of their Reply to Defendants' Opposition to Motion for Preliminary Injunction ("Reply") (Dkt. 45) that consist largely of improper argument. In addition, Plaintiffs submitted a Statement of Recent Decision regarding the recent Ninth Circuit *Peruta* decision that improperly contains argument. (Dkt. 47.) These submissions violate the Local Rules and should accordingly be stricken from the record in whole or in part.

First, Plaintiffs' Objections consist of a fifteen-page, 24 paragraph document, separate from their reply brief, that sets forth various objections (and argument in response) to portions of Defendants' Opposition brief (Dkt. 35) and accompanying declarations. This violates Local Rule 7-3(c), which provides that "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." By filing separate Objections, Plaintiffs would append fifteen pages of additional attorney argument to their reply brief, which was already at the maximum page limit of fifteen pages. Plaintiffs' Objections should be stricken

[1] Niraj Chokshi, "Why Sunnyvale, Calif. could be the next front in the national gun-control fight," *Washington Post* (Nov. 7, 2013), available at http://www.washingtonpost.com/blogs/govbeat/wp/2013/11/07/why-sunnyvale-calif-could-be-the-next-front-in-the-national-gun-control-fight/#comments.

[2] In accordance with Local Rule 7-3(c), Defendants raised their objections to Plaintiffs' opening motion and supporting filings in their Opposition to Plaintiffs' Motion for Preliminary Injunction ("Opposition"). (Dkt. 35 at 15 n .11.)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

from the record as a violation of the Local Rules.

Second, the Supplemental Kleck Declaration is seventeen pages of additional argument, not evidence. Instead of offering facts, it critiques the declarations of Sunnyvale's witnesses Ms. Allen (*id*. at ¶¶ 3-10) and Professor Donohue (*id*. at ¶¶ 19-24), argues that LCMs do not cause increases in numbers of casualties (*id*. at ¶¶ 25-30), and responds to arguments raised by San Francisco in the opposition brief it filed in *San Francisco Veteran Police Officers Association v. City and County of San Francisco*, Case No. 13-cv-5351 WHA (N.D. Cal.) (Dkt. 34) (Supp. Kleck Decl. at ¶¶ 31-46). The numerous legal arguments and conclusions contained in the Supplemental Kleck Declaration violate Local Rule 7-5(b), which provides:

> **Form**. An affidavit or declarations ***may contain only facts***, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and ***must avoid conclusions and argument***. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

(emphasis added). The Supplemental Kleck Declaration reads like an extension of Plaintiffs' reply brief, rather than a declaration of supported facts. For example, Mr. Kleck argues at one point in his declaration that "[t]he policy-relevant issue is whether DGUs in which victims face multiple offenders in their homes occur *often enough* for the number of lives saved or injuries avoided by defensive LCM use to exceed the number of such harms caused by LCM use by offenders." (Supp. Kleck Decl. ¶ 11) (emphasis in original). Policy arguments are not facts. Mr. Kleck also argues that the incidents where a shooter was subdued while reloading identified by Professor Donohue are "irrelevant to the merits of an LCM ban." (*Id*. at ¶ 20; *see also id*. at ¶ 21 ("It therefore has no clear relevance to the merits of banning LCMs.")). What facts are relevant (or not) to the merits of the ban is a legal question for the Court, not for a hired witness. Mr. Kleck's commentary—*e.g.*, that some of Defendants' arguments are "especially outrageous" (*id. at* ¶ 41), "dubious" (*id. at* ¶ 40), or "blatantly false" (*id. at* ¶ 42)— is inappropriate for a witness declaration. The Kleck Supplemental Declaration should be stricken pursuant to L.R. 7-3(d)(1).[3]

[3] L.R. 7-3(d)(1) provides in relevant part: "If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply

Third, Plaintiffs' Statement of Recent Decision regarding the recent Ninth Circuit *Peruta* decision improperly contains argument. (Dkt. 47 at 2 lns. 9-13) (*e.g.*, characterizing sections of the decision by describing laws at issue as "***inimical*** to the Second Amendment right" and describing the standard for "***properly*** apply[ing] intermediate scrutiny") (emphasis added). Local Rule 7-3(d)(2) requires that a Statement of Recent Decision contain only "a citation to and [] a copy of the new opinion," and must specifically be "without argument." Accordingly, Plaintiffs' argument in its Statement of Recent Decision should be stricken.

Dated: February 18, 2014

Farella Braun + Martel LLP

By: */s/ Roderick M. Thompson*
Roderick M. Thompson

Attorney for Defendants THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI, in his official capacity, and THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity

---

Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion."