Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Anthony P. Schoenberg (State Bar No. 203714)
aschoenberg@fbm.com
James Baker (State Bar No. 291386)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD FYOCK, SCOTT HOCHSTETLER, WILLIAM DOUGLAS, DAVID PEARSON, BRAD SEIFERS, and ROD SWANSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity, and DOES 1-10<br>    Defendants. | Case No. 13-cv-05807 RMW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL.
DISMISSAL / # 13-cv-05807 PJH

29688\5689660.2

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Leonard Fyock, Scott Hochstetler, William Douglas, David Pearson, Brad Seifers, Rod Swanson ("Fyock") filed this case nearly three years ago, raising a Second Amendment challenge to a then-newly approved municipal measure, Sunnyvale Municipal Code, § 9.44.050 (the "Measure C").[1]  The challenged portion of Measure C prohibits the possession of ammunition magazines capable of holding more than 10 rounds (large capacity magazines, or "LCMs"), which prohibition Fyock claims violates the Second Amendment.  After filing his complaint in 2013, Fyock immediately moved this Court for a preliminary injunction to enjoin enforcement of the law, and that motion was denied.  He then filed an emergency motion with the Ninth Circuit to enjoin enforcement of the law, and that motion was denied.  He thereafter filed an emergency motion with the United States Supreme Court to enjoin enforcement of the law under the All Writs Act, and that motion was denied.  He also appealed this Court's denial of his preliminary injunction motion to the Ninth Circuit, and the Ninth Circuit affirmed the denial of his motion.  Defendants were required to expend substantial time and recourses in opposing the foregoing motions and proceedings.

Since the Ninth Circuit issued its final ruling in March of last year, Fyock has done nothing whatsoever to move this case forward.  In the meantime, the legal landscape has become increasingly hostile to Fyock's position, as additional courts have joined the already sizeable list of courts that have rejected Second Amendment challenges to LCM bans, and the Supreme Court declined to grant *certiorari* of one such decision.

Notwithstanding that he has not prosecuted his case for the past 20 months and that the development of the law has rendered his claim increasingly futile, he nonetheless asks for permission to dismiss his case without prejudice.  The Court should exercise its discretion to require that the dismissal be with prejudice.  The relevant factors that this Court must consider in deciding whether to allow a dismissal without prejudice – Fyock's diligence in prosecuting the action, his explanation for requesting dismissal, and Sunnyvale's effort and expense – all favor a

---

[1] The defendants in the case are the City of Sunnyvale, the former Mayor of Sunnyvale, and the Chief of the Sunnyvale Department of Public Safety Frank Gregurina, in their official capacity (hereinafter, "Sunnyvale").

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL.
DISMISSAL / # 13-cv-05807 PJH                - 1 -

29688\5689660.2

1  dismissal with prejudice, as explained in more detail below.  Accordingly, this is an appropriate
2  case for the exercise of the Court's discretion to require a dismissal with prejudice.

3  In the alternative, if the Court is inclined to allow Fyock to dismiss without prejudice, it
4  should condition the dismissal on Fyock's payment of Sunnyvale's fees and costs.  Courts have
5  discretion to – and frequently do – impose such a condition in order to avoid the potential for
6  duplicative expenses in future litigation.  Fyock states in his request that he will re-file his Second
7  Amendment challenge in the event that California's recently enacted LCM ban – which is the
8  reason why he claims he seeks to dismiss this case – is ever repealed or declared invalid.  In light
9  of that, this is an appropriate case for imposing a fee award.

## II.  THE COURT SHOULD ORDER A DISMISSAL *WITH PREJUDICE*.

### A.  Legal Standard

12  Because dismissal with or without prejudice is a question of procedure, the applicable law
13  of the regional circuit governs.  *See Intel Corp. & Dell Inc. v. Commonwealth Scientific & Indus.*
14  *Research Org.*, 455 F.3d 1364, 1369 (Fed. Cir. 2006).  Whether to grant dismissal under Rule
15  41(a)(2) of the Federal Rules of Civil Procedure is addressed to sound discretion of the district
16  court, *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986), as is the
17  question of whether to permit a plaintiff to dismiss without prejudice, *Fisher v. Puerto Rico*
18  *Marine Management, Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991).  The purpose of the rule is to
19  permit a plaintiff to dismiss an action without prejudice ***so long as the defendant will not be***
20  ***prejudiced or unfairly affected by dismissal***.  *Arteris S.A.S. v. Sonics, Inc.*, No. C 12–0434 SBA,
21  2013 WL 3052903, at *2 (N.D. Cal. June 17, 2013) (emphasis added).

22  The Court's inquiry on a plaintiff's request for voluntary dismissal without prejudice
23  focuses on whether the defendant will suffer some "plain legal prejudice," *i.e.*, "prejudice to some
24  legal interest, some legal claim, some legal argument."  *Westlands Water Dist. v. United States*,
25  100 F.3d 94, 97 (9th Cir. 1996).  The factors that a court considers in ascertaining the "legal
26  prejudice" that the opposing party would suffer in the event of a dismissal without prejudice
27  include: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack
28  of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL.
DISMISSAL / # 13-cv-05807 PJH

- 2 -

29688\5689660.2

of the need to take a dismissal. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538 (N.D. Cal. 2005); *Phillips USA, Inc. v. Allflex USA, Inc.* 77 F3d 354, 358 (10th Cir. 1996). These factors not exclusive, and they need not all need be resolved in favor of the party opposing a dismissal without prejudice. *Phillips USA, Inc.,* 77 F3d at 358.

As demonstrated below, consideration of these factors weighs in favor of dismissing Fyock's claims ***with*** prejudice.

**B.    Sunnyvale Would Suffer Prejudice If This Action Is Dismissed Without Prejudice.**

   1.    Fyock's Excessive Delay And Lack Of Diligence In Prosecuting The Action

Fyock's delay and lack of diligence in prosecuting this case has been undeniable. Fyock filed this case nearly three years ago. It has been more than two-and-a-half years since this Court denied Fyock's motion for preliminary injunction, and it has been 20 months since the Ninth Circuit affirmed this Court's ruling, finding that Fyock is not likely to succeed on the merits of his Second Amendment challenge to Measure C. Since then, Fyock has done nothing to move the case forward or develop his case.[2]

   2.    Fyock Has Failed To Offer A Credible Explanation Of The Need To Dismiss Without Prejudice

Fyock has failed to credibly justify why he is moving to dismiss this case without prejudice. In his request, Fyock claims that he seeks to dismiss without prejudice because the passage of an LCM ban at the state level has "mooted" his claims, but he insists that he "would resume litigation" if the state LCM ban was repealed or declared invalid.

Fyock's explanation is not plausible. Fyock's rationale assumes that state law preempts Measure C, though that conclusion is not supported by any judicial decision. If he believes that state law now preempts Measure C, Fyock could seek to amend his complaint to add a preemption claim (or, perhaps, or to challenge the state law). As it is, his position is based on

---

[2] At one time Fyock indicated that he was waiting on the results of the Ninth Circuit's *en banc* decision in the *Peruta* matter, which he believed might alter the applicable standard of review in his favor. Even assuming that Fyock's hope for a favorable development in an unrelated case was a reasonable justification for a years-long delay, the *Peruta en banc* decision was issued in June and did not alter the standard of review as Fyock had hoped. *See Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016). Since then, Fyock made no effort to push this case forward.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL. DISMISSAL / # 13-cv-05807 PJH        - 3 -

29688\5689660.2

nothing more than his own, unilateral legal conclusion about preemption.

The reality – of which Fyock is undoubtedly aware – is that he no longer has a colorable Second Amendment claim.  The Ninth Circuit has ruled in this case that his Second Amendment challenge was not likely to succeed.  *Fyock v. City of Sunnyvale*, 779 F.3d 991 (9th Cir. 2015).  Following the Ninth Circuit's decision in this case, the Supreme Court declined to consider the Seventh Circuit's upholding of an LCM ban against a Second Amendment challenge in *Friedman v. City of Highland Park, Ill.*, 136 S. Ct. 447, 193 L. Ed. 2d 483 (7th Cir. 2015).  Courts throughout the country have repeatedly and consistently upheld LCM bans against Second Amendment challenges. *See Friedman*, *supra*, 784 F.3d 406 (7th Cir. 2015); *Heller v. District of Columbia* (*Heller II*), 670 F.3d 1244, 1264 (D.C. Cir. 2011); *San Francisco Veteran Police Officers Ass'n v. City & Cnty. of San Francisco*, C-13-05351 WHA, 2014 WL 644395, at *7 (N.D. Cal. Feb. 19, 2014); *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo*, C-13-291S, 2013 WL 6909955, at *18 (W.D.N.Y. Dec. 31, 2013); *Shew v. Malloy*, C-13-739 AVC, 2014 WL 346859, at *9 (D. Conn. Jan. 30, 2014); *Tardy v. O'Malley*, C-13-2861, TRO Hr'g Tr., at 66-71 (D. Md. Oct. 1, 2013).[3]  Accordingly, Fyock's explanation for seeking to dismiss without prejudice does not withstand scrutiny.

### 3. Sunnyvale Was Required To Expend Significant Effort And Expense Defending This Matter

Though Fyock has not pushed this case towards trial, Sunnyvale was nonetheless required to expend significant effort and expense in this matter.  Sunnyvale had to oppose the following motions and proceedings: (a) a voluminous and complex motion for preliminary injunction seeking to enjoin the enforcement of Measure C, which motion was supported by approximately 10 declarations, including multiple expert declarations, and  hundreds of pages of submitted material; (b) an emergency motion to the Ninth Circuit seeking to enjoin Measure C; (c) an emergency motion to the Supreme Court under the All Writs Act seeking to enjoin Measure C;

---

[3] In the lone outlier decision, the Fourth Circuit remanded a challenge to an LCM ban to the district court to apply strict scrutiny to the ban.  *Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016), *rehearing en banc granted by Kolbe v. Hogan*, 636 Fed.Appx. 880 (4th Cir. 2016).  That decision is being reheard by an *en banc* panel of the Fourth Circuit. *See Kolbe v. Hogan*, 636 Fed.Appx. 880 (4th Cir. 2016).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL. DISMISSAL / # 13-cv-05807 PJH                - 4 -

29688\5689660.2

and (d) Fyock's Ninth Circuit appeal of this Court's denial of his motion for preliminary injunction. Each of the foregoing motions and proceedings was resolved in favor of Sunnyvale, and each of them required the expenditure of substantial time and resources.

### III. A DISMISSAL WITHOUT PREJUDICE SHOULD BE CONDITIONED ON SUNNYVALE BEING PAID ITS FEES AND COSTS.

In the alternative, if the Court permits Fyock to voluntarily dismiss without prejudice, it should require Fyock to reimburse Sunnyvale for its attorneys' fees and costs. It is well-settled that the Court has discretion to condition a dismissal without prejudice on the payment of fees and costs to the defendant. *Westlands*, 100 F.3d at 97. In fact, reimbursing a defendant for attorneys' fees and costs is a common requirement where a plaintiff's request to dismiss without prejudice is granted. *See Mayes v. Fujimoto*, 181 F.R.D. 453, 456 (D. Haw. 1998)("To alleviate the prejudice resulting from dismissal, courts typically impose costs and attorney fees upon plaintiff."). The purpose of such an award is to reimburse the defendant for potentially duplicative legal expenses in future litigation. *See Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir.1965), *cert. denied*, 384 U.S. 909 (1966). Accordingly, such fee awards are typically limited to work that cannot be used in potential future litigation. *See Westlands*, 100 F.3d at 97.

Fyock asserts in his request that he intends to file a new Second Amendment challenge to Measure C in the event that state law changes in the future. Accordingly, this is precisely the type of case in which an award of fees and costs is appropriate due to the potential for future litigation. Moreover, the work that Sunnyvale undertook in this case will not be re-useable in future litigation, as it largely involved opposing the various motions and appellate proceedings (discussed above) whereby Fyock sought to enjoin the enforcement of Measure C. Measure C contained a 90-day grace period to allow Sunnyvale residents time to dispose of LCMs, and Fyock's preliminary injunction motion and subsequent emergency motions on appeal sought to enjoin enforcement of Measure C *prior* to the expiration of the 90-day grace period. That grace period has long-since expired, so no similar motions would be expected in future litigation. Thus, Sunnyvale's work in opposing such motions will not be useful in future litigation.

Accordingly, in the event the Court decides to permit Fyock to dismiss this action without

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL. DISMISSAL / # 13-cv-05807 PJH - 5 -

29688\5689660.2

prejudice, the dismissal should be conditioned on Fyock paying Sunnyvale's fees and costs. In that event, Sunnyvale requests leave to submit an application detailing its attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Fyock's claims *with* prejudice. Alternatively, the Court should condition a dismissal without prejudice on Fyock paying Sunnyvale's fees and costs.

Dated: November 23, 2016

FARELLA BRAUN + MARTEL LLP

By: /s/ *Anthony P. Schoenberg*
Anthony P. Schoenberg

Attorneys for Defendants
THE CITY OF SUNNYVALE, THE MAYOR OF SUNNYVALE, ANTHONY SPITALERI in his official capacity, THE CHIEF OF THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, FRANK GRGURINA, in his official capacity

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANTS' OPP TO REQ. FOR VOL. DISMISSAL / # 13-cv-05807 PJH

- 6 -

29688\5689660.2